394 So.2d 2 (1980)
Carol RAMEY
v.
Dr. Thomas M. GUYTON.
79-383.
Supreme Court of Alabama.
September 19, 1980.
Rehearing denied February 6, 1981.
*3 Stanley A. Cash of Huie, Fernambucq, Stewart & Smith, Birmingham, for appellant.
Bibb Allen of London, Yancey, Clark & Allen, Birmingham, for appellee.
JONES, Justice.
This medical malpractice suit comes before this Court on appeal from summary judgment granted in favor of Defendant-Appellee on statute of limitations grounds.
Plaintiff began seeing Defendant Guyton professionally on August 18, 1970, and last saw him on August 27, 1975. At the last visit, Dr. Guyton prescribed "Ortho-Novum" birth control bills for Ramey. Plaintiff took these pills daily until August 5, 1976, when she suffered a stroke. The parties stipulated that in the fall of 1976, Plaintiff's mother told Plaintiff that the doctors who had examined Plaintiff in Huntsville, Alabama, after Plaintiff's stroke, had informed her (Plaintiff's mother) that the birth control pills could have caused Plaintiff's stroke. Suit was filed on August 1, 1978.
Based on this sequence of events, the trial Court found that the action was not timely filed under the provisions of § 6-5-482, Ala. Code 1975. We do not agree. We find the action to have been timely filed for the reasons set out herein, and, therefore, we reverse the judgment and remand the cause for further proceedings in accordance with this opinion.
Under § 6-5-482, medical liability actions "must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act ...."
*4 Appellee contends that the two-year portion of the statute bars the action. Appellee cites August 27, 1975, the date of Plaintiff's last visit to Dr. Guyton and the date the prescription was written, as the day the action accrued. If this date were accepted as the accrual date, then the suit clearly would be outside the two-year period. We cannot agree with this contention. We find that the cause of action accrued on the day Plaintiff suffered the stroke. It was then that the harm occurred, thus triggering the two-year statute of limitations. Plant v. R. L. Reid, Inc., 294 Ala. 155, 313 So.2d 518 (1975); Brotherhood of Locomotive Firemen and Enginemen v. Hammett, 273 Ala. 397, 140 So.2d 832 (1962); Corona Coal Co. v. Hendon, 213 Ala. 323, 104 So. 799 (1925). We find it patently unreasonable to attempt to fix the accrual date at the time the prescription was written, which act produced no concurrent injury to the Plaintiff.
We agree with Appellee that suit was not filed within six months of the discovery of the harm. However, we find this point to be immaterial in light of our finding that suit was filed within two years of the accrual of the action which, in this case, was contemporaneous with the occurrence of the injury. The six-month discovery provision is not triggered in the instant case because Plaintiff filed suit within two years of the accrual of the cause of action.
The medical malpractice statute has been held constitutional under circumstances where the negligent act or omission and the harm occurred simultaneously, the cause of action thus accruing at that point. Street v. City of Anniston, 381 So.2d 26 (Ala.1980); Sellers v. Edwards, 289 Ala. 2, 265 So.2d 438 (1972). The case now before us differs factually from these earlier cases in that here the negligent act and the resultant harm did not coincide. Thus, the accrual date of the cause is delayed to the date when the injury occurred. See Plant v. R. L. Reid, Inc., supra.[1]
To agree with Appellee's contention concerning the running of the statute would take the prior cases beyond their proper factual context. We decline to do so. Rather, in order to give § 6-5-483 constitutional validity in the context of the present case and to concur with the rationale of the earlier cases, which couple the running of the statute of limitations with the occurrence of injury, we construe this section as providing for the statutory period to commence running concurrently with the accrual of the cause of action even where that accrual does not coincide with the occurrence of the negligent act. As stated previously, the cause of action in the instant case accrued on August 5, 1976, when Plaintiff suffered the stroke. Thus, suit filed on August 1, 1978, clearly was timely filed, even within the shorter two-year period; and there is no need under these facts to look to the four-year extended period and the six-month discovery provisions.
We reaffirm the tenets set out by this Court in Plant v. R. L. Reid, Inc., supra, which states:
"Under the provisions of [the Medical Malpractice Act], the time for bringing suit commences when the cause of action accrues, which is at the time of the wrongful act or omission producing injury. The `plaintiff' has a cause of action at that point.... The medical malpractice statute is a traditional statute of limitation in that the accrual of the cause of action starts the running of the period....
"... In tort actions, the breach of duty does not produce a cause of action until such breach proximately results in injury or damage.... The soundness of this rule has rarely been questioned and the malpractice statutes are not inconsistent with it." (Emphasis added.)
In keeping with Plant's interpretation of the Medical Malpractice Act, and consistent *5 with the prior medical malpractice statute of limitations cases barring those actions commenced more than two years after the accrual date, we hold that the trial Court erred in granting summary judgment where the suit was commenced within two years from the time of the accrual of the cause of action. Plant's reference to the Medical Malpractice Act was in response to the contention that the act then considered (the Builders and Architects Act) was analogous to the Medical Malpractice Act. In revisiting our treatment of this contention, it must be remembered that Plant took as its premise the invalidity of the seven-year period as declared in Bagby Elevator and Electric Co., Inc. v. McBride, 292 Ala. 191, 291 So.2d 306 (1974) (here the four-year period). It is this point that is addressed in Mr. Justice Bloodworth's dissenting opinion in Plant:
"... I have concluded that Act 788, as construed by our holding in Bagby Elevator and Electric Co., Inc. v. McBride, 292 Ala. 191, 291 So.2d 306 (1974), now provides that such actions must be commenced within four (4) years after the final completion of the improvements, unless the cause of action is not discovered and could not reasonably have been discovered within such period, when an additional six (6) months is allowed. It is my view that the Act now constitutes an `open end' statute with no period of limitation of years within which to bring the action under the exception, except the six (6) months after discovery of the cause of action, etc.
"Due to the fact that plaintiff, in the instant case, did not bring her action within the six (6) months' period, I would affirm the trial court's judgment holding her action to be barred.
"I would reserve my judgment as to whether the same reasoning, which impels the majority to reach their conclusions with respect to Act 788, also applies to the `Medical Malpractice Act.'"
The point of difference, then, between Mr. Justice Bloodworth's dissent and the majority opinion is unlike the remaining dissenters in Plant who "... have found no constitutional problem raised by such `shield' statutes."
Garrett v. Raytheon Co., Inc., 368 So.2d 516 (Ala.1979), presented the question: "When does the statute of limitations begin to run for injuries suffered as a result of radiation exposure?" Mr. Justice Bloodworth, speaking for the majority, answered: "We conclude that it begins to run when the plaintiff is exposed to radiation and an injury occurs." (Emphasis added.)
Thus, while rejecting the "discovery of injury" rule,[2]Raytheon remained true to the common law "accrual" principle, observing:
"... there are cases where the act complained of does not itself constitute a legal injury at the time, but plaintiff's injury only comes as a result of, and in furtherance and subsequent development of, the act defendant has done. In such cases, the cause of action `accrues,' and the statute of limitation begins to run, `when, and only when, the damages are sustained.' Over sixty years ago, Justice Sayre so expressed it in his opinion for the Court in Kelly, et al. v. Shropshire, 199 Ala. 602, 75 So. 291 (1917)."
In order to accord constitutional validity to § 6-5-482, we retain the application of the time-tested, traditional rule, and hold that the statutory language, "act or omission or failure giving rise to the claim" operates to commence the running of the statute from the time the cause of action "accrues." "The cause of action `accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." Raytheon, supra. Applying this principle to the instant case, we hold the earliest the Plaintiff was entitled to maintain her action was on August 5, 1976, and thus her suit, filed on August 1, 1978 was within the statutorily prescribed two-year period.
REVERSED AND REMANDED.
*6 FAULKNER, EMBRY and BEATTY, JJ., concur.
SHORES, J., concurs specially.
TORBERT, C. J., and MADDOX and ALMON, JJ., dissent.
SHORES, Justice (concurring specially):
In Street v. City of Anniston, 381 So.2d 26 (Ala.1980), we held that the four-year provision of § 6-5-482(a) barred the plaintiff's claim, based upon an act of misdiagnosis occurring more than four years before the action was brought. In that opinion, we stated under Garrett v. Raytheon, 368 So.2d 516 (Ala.1979), "legal injury occurs at the time of the negligent act or omission, whether or not the injury is or could be discovered within the statutory period." Thus, in this case, legal injury occurred with the act of prescribing the Ortho Novum, and this "act or omission" on Dr. Guyton's part continued or was repeated each time the plaintiff took a pill as prescribed.
Injury of the Raytheon type could occur only when the patient was exposed to the drug and, under that opinion, the date of injury was measured from the last exposure. Here the date of injury must be measured from the date the last pill was taken, which was within four years of the date suit was filed. In this regard, the case before us is distinguishable from Street.
In Street, we found no constitutional barrier to the legislature's measuring the time for bringing an action from some point other than date of injury. It has done so in this field by measuring the time from the "act or omission or failure giving rise to the claim ... provided ... that in no event may the action be commenced more than four years after such act ...."
The question then becomes: Did Dr. Guyton commit any act or omission made the basis of this claim within four years of the date of filing the suit? Yes he prescribed daily doses of Ortho Novum, and the patient followed his prescription by taking daily doses thereof.
This was a continuing act as long as the prescription was valid and outstanding. On this basis, I would concur, but cannot agree, that the statute does not bar the action because it was brought within two years after the plaintiff suffered the stroke. It is not a bar because the claim is based upon the impliedly continuing act of the defendant, which act or omission [i. e., failure to discontinue the prescription] took place within the statutory period.
MADDOX, Justice (dissenting).
This case is indistinguishable from Street v. City of Anniston, 381 So.2d 26 (Ala.1980). In Street, this Court held that under Alabama's Medical Liability Act, the statute of limitations begins to run from the time of the negligent act or omission. In Street, the act or omission was the doctor's alleged negligent diagnosis. Here, the alleged act or omission was the doctor's prescription of an alleged harmful drug. The limitations statute is constitutional because the legal injury occurs and, therefore, the cause of action accrues, at the time of the act or omission. Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979).
TORBERT, C. J., and ALMON, J., concur.
NOTES
[1] This Court's holding in Garrett v. Raytheon Co., Inc., infra (hereinafter discussed), is in a factually analogous context. There, the cause of action accrued, and thus the statute was said to begin to run, on the date of the Plaintiff's last exposure to radiation.
[2] For the statutory creation of a "discovery of injury" rule for injuries or death caused by exposure to asbestos, see Act No. 80-566, Acts of Alabama, Regular Session, 1980.