431 So.2d 1263 (1983)
Dr. Mylan S. TUCKER
v.
Joseph A. NICHOLS.
81-745.
Supreme Court of Alabama.
May 6, 1983.
Rehearing Denied June 3, 1983.
John M. Laney, Jr. of London, Yancey, Clark & Allen, Birmingham, for appellant.
Charles A. Dauphin and William J. Baxley of Baxley, Beck & Dillard, Birmingham, for appellee.
JONES, Justice.
This medical malpractice case concerns an alleged ambiguity in the statute of limitations provisions of the Medical Malpractice Act. The Defendant appeals from the trial court's order overruling his motion for summary judgment. We affirm.
The statute of limitations involved here, § 6-5-482(a), Code of 1975, provides:
"(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to *1264 the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date." (Emphasis added.)
There is a two-year statute of limitations which is supplemented with a six-months saving clause applicable to causes of action not discovered within two years.
The relevant dates for applying the statute to this case are undisputed. The allegedly negligent act (failure to diagnose a fractured vertebra in Plaintiff's back) was committed on April 17, 1979. The Plaintiff discovered the cause of action on March 4, 1981, less than two years later, when X-rays were taken of his back for treatment of an unrelated injury. Suit was not filed until August 12, 1981, some two years and four months after the allegedly negligent act occurred, but less than six months after the discovery of the cause of action.
The Plaintiff contends that the saving clause should be applied to this case even though the statute makes the clause applicable only when discovery of the cause of action took place after the two-year period. The trial court overruled the defendant's motion for summary judgment on this issue, finding:
"[T]he meaning and intent of the Alabama Code Section 6-5-482 is not clear.
"...
"This Court interprets section (a) of [6-5-482] to mean that the plaintiff herein has six months from the date of discovery, or six months from the date of discovery of facts which would reasonably lead to discovery, whichever is earlier, to file suit. It is the finding of this Court that the plaintiff herein had six months from March 4, 1981, to file this lawsuit before the statute of limitations would bar an action under the Medical Liability Act."
Tucker then petitioned for leave to appeal from the interlocutory order overruling the motion for summary judgment, pursuant to Rule 5, Alabama Rules of Appellate Procedure. We granted permission. Tucker now urges this Court to reverse the trial court's ruling and to render summary judgment in his favor.
The legislature first enacted a medical malpractice statute of limitations in 1953. Act of September 17, 1953, No. 766, 1953 Ala.Acts 1027 (codified as Code of Ala., Tit. 7, § 25(1) (1940)). This Act was the precursor to our current medical liability act enacted in 1975, Code of Ala.1975, § 6-5-480, et seq. In the present case we are concerned with the construction of § 6-5-482(a). This section is determinative of whether the plaintiff's cause of action was timely filed.
Appellee/Plaintiff defends the ruling of the trial court on the basis that its construction of the statute was constitutionally mandated. Lankford v. Sullivan, Long & Hagerty, 416 So.2d 996 (Ala.1982).
Appellant/Defendant contends that constitutional considerations are foreclosed here because they were not raised below, citing Woodham v. Woodham, 387 So.2d 150 (Ala.1980); and Cooper v. Green, 359 So.2d 377 (Ala.1978). As the cited cases indicate, however, this prohibition finds its application in the context of a challenge to the trial court's ruling on issues raised for the first time on appeal; that is to say, this rule of appellate review prohibits reversal of a judgment below on grounds not raised and presented to the trial court.
Here, where the constitutional considerations are urged in support of the ruling below, we are governed by the longstanding, well-established rule that the appellant has an affirmative duty of showing error upon the record. Ala. Dig., Appeal *1265 and Error, Key No. 901. This rule is premised upon the fundamental proposition that an appellate court will not presume error and will affirm the judgment appealed from if supported on any valid legal ground. Sterling Oil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).
We begin our analysis with the trial court's interpretation of the medical malpractice statute of limitations in light of this Court's holding in Lankford. Obviously, when the Defendant raised the affirmative defense of the statute of limitations, the trial court was faced with one of two courses of action: 1) to hold the Medical Malpractice Act unconstitutional because of its failure to provide those who discovered a cause of action near the expiration of the two years a reasonable length of time within which to file their claim; or 2) to put into the act by way of interpretation an application of the saving clause so as to allow the six-month filing period after discovery, thus conforming the Act to constitutional standards.
The problem with the Act, literally interpreted, is identical in principle with that faced in Lankford, which is one of due process. Lankford declared unconstitutional the ten-year statute of repose in the Products Liability Act (§ 6-5-502(c)). One of the grounds for so declaring was the Act's absolute bar after ten years from an arbitrary datethe first use of the product. Its due process infirmity consisted in its failure to "provide for an extension of the limitations period for someone injured shortly before the expiration period."
The ultimate question, then, is whether Lankford mandates a holding of unconstitutionality as to the Medical Malpractice Act, or whether the court can save it through judicial construction. We hold that it was permissible for the trial court to do the latter, and we affirm the judgment appealed from.
There is one material difference between the Act declared unconstitutional in Lankford and the Act here under consideration: The ten-year statute in Lankford had no saving clause. Here, the Act provides a reasonable length of time after discovery six monthswithin which to bring the action. The problem here is not the absence of a saving clause, but one of equal application of the extended period to all potential claimants.
The trial judge, in rejecting Defendant's statute of limitations defense, judicially implemented the Act's six-month extension so as to avoid its unequal application. Otherwise, a literal construction would have had the effect of cutting off the instant Plaintiff's claim, for example, but would have allowed another's claim under the same circumstances except for discovery of the cause of action one day past the two-year period. By allowing the instant suit, all party claimants are given the same six-month period after discovery within which to file their action, thus removing the fatal defect found by Lankford in the ten-year statute.
There is one other significant difference between the ten-year statute addressed in Lankford and the Act here under consideration. The instant Act has an established history of withstanding constitutional attacks. The cases of Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982), Thomas v. Niemann, 397 So.2d 90 (Ala.1981), Street v. City of Anniston, 381 So.2d 26 (Ala.1980), and Ramey v. Guyton, 394 So.2d 2 (Ala. 1980), need no lengthy analysis to make their point. They speak for themselves. For example, Ramey stands as direct authority for the proposition that the Court favors an interpretation upholding constitutionality as opposed to an interpretation that renders the statute constitutionally invalid.
AFFIRMED.
All the Justices concur except BEATTY, J., who concurs in the result, and EMBRY, J., who dissents.
EMBRY, Justice (dissenting):
I respectfully dissent, and, in accord with my views stated in previous decisions of this Court, would hold the entire Medical Malpractice Act unconstitutional.