In this case, this Court is asked once again to determine when a cause of action for negligence accrued in order to correctly apply the applicable statute of limitations. The trial judge held that the statute of limitations barred the plaintiffs' action. We affirm.
Appellant Jo Ann Moon, a diabetic, has treated her condition with daily injections of NPH-U-100 insulin since 1977. On or about December 13, 1980, appellant Hershal Moon, Jo Ann's husband, purchased a package of insulin from appellee Harco Drugs, Inc. at its store located in Roanoke, Alabama. Hershal Moon claimed that he asked the Harco Drug employee for NPH-U-100 insulin. Jo Ann Moon first took an injection of the drug purchased from the appellee on December 14, 1980, and continued to take daily injections. She became ill on December 20 or 21, 1980, and entered the hospital on December 31, 1980. From December 14, 1980, until December 31, 1980, Mrs. Moon had continued to take daily dosages of the insulin purchased from Harco Drugs, Inc. On December 31, 1980, Mrs. Moon, during her stay in the hospital, however, stopped her daily injections of insulin purchased from Harco. After being hospitalized for a 9-11 day period, Mrs. Moon was released. She injected herself again with the insulin purchased from Harco Drugs, Inc. at least once more, but ceased the injections on January 13, 1981, when she discovered that her husband had purchased U-100 insulin and not NPH-U-100 insulin. The evidence tended to prove that the bottle was clearly labeled U-100 insulin.
The Moons filed their complaint against Harco Drugs, Inc. onJanuary 12, 1982, in which they alleged that Harco sold Mr. Moon U-100 insulin, instead of NPH-U-100 insulin, on January13, 1981. In her deposition, however, Mrs. Moon testified that the sale took place on December 13, 1980, not January 13, 1981.
In the complaint, Mrs. Moon alleged that she sustained personal injuries after injecting herself with U-100 insulin; Mr. Moon alleged that he sustained personal injuries, out-of-pocket losses, and the loss of his wife's services as a result of her injections of U-100 insulin.
Harco Drugs filed a motion for summary judgment on the basis that the Moons' actions were barred by the one-year statute of limitations of Code 1975, § 6-2-39 (a)(5) and (7). The trial court granted that motion and the Moons appealed.
The pertinent portions of Code 1975, § 6-2-39 state:
"(a) The following must be commenced within one year:
"* * *
 "(5) Actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section; and
"* * *
 "(7) All actions commenced to recover damages for injury to the person or property *Page 220 
of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of respondeat superior."
Because the Moons have named Harco Drugs, Inc. as the defendant, this one-year statute is applicable.
The Moons argue that their cause of action accrued on January13, 1981, when she discovered for the first time that the bottle contained U-100 insulin and not NPH-U-100 insulin. The trial judge obviously concluded that as a matter of law the cause of action accrued on December 20 or 21, 1980, when Mrs. Moon first became ill or at the latest, on December 31, 1980, when Mrs. Moon entered the hospital, because the court granted Harco's motion for summary judgment.
This Court has repeatedly held that a cause of action accrues when the injury occurs, Ramey v. Guyton, 394 So.2d 2, 5 (Ala. 1980); Garrett v. Raytheon Co., Inc., 368 So.2d 516, 519 (Ala. 1979); Kelly v. Shropshire, 199 Ala. 602, 75 So. 291 (1917), and in so doing, this Court has refused to accept the so-called "discovery rule." In Garrett v. Raytheon Co., the Court stated the principal rule of law thusly:
 "The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action `accrues.' The cause of action `accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon.
 "`We have held that the statute begins to run whether or not the full amount of damages is apparent at the time of the first legal injury. In Kelly v. Shropshire, 199 Ala. 602, 75 So. 291, 292
(1917), the rule was stated as follows:
 "`if the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage (then apparent) however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered.'" (Emphasis added.)
368 So.2d at 518-19.
In the present case, the cause of action accrued when Ms. Moon first became ill from the U-100 insulin on December 20 or 21, 1980. Any injury which resulted from taking the U-100 insulin arose at that time, and not, as the Moons argue, when she later discovered that she was taking the wrong insulin. The trial judge's holding that this cause of action accrued in December 1980, is consistent with our prior cases dealing with the question of when a cause of action accrues.
We also reject the Moons' argument that her taking of the U-100 insulin constituted a "continuous tort." This Court has used the term "continuous tort" to describe a defendant's repeated tortious conduct which has repeatedly and continuously injured a plaintiff. These cases can be analyzed by analogizing the plaintiffs' cause of action to the common law action of continuing trespass or trespass on the case.
This Court has held that a defendant's repeated wrongs to the plaintiff can constitute a "continuous tort," such as: (1) when an employer exposes its employee on a continuing basis to harmful substances and conditions [American Mut. Liability Ins.Co. v. Agricola Insurance Co., 236 Ala. 535, 183 So. 677
(1938)]; (2) when there is a "single sustained method pursued in executing one general scheme," as in a blasting case [LehighPortland Cement Co. v. Donaldson, 231 Ala. 242, 246, 164 So. 97
(1935)]; and (3) *Page 221 
when a plaintiff landowner seeks damages for the contamination of a well or stream [Howell v. City of Dothan, 234 Ala. 158,174 So. 624 (1937); Employers Insurance Company of Alabama v.Rives, 264 Ala. 310, 87 So.2d 653 (1955); and Alabama Fuel Iron Co. v. Vaughn, 203 Ala. 461, 83 So. 323 (1919)].
The stream and well pollution cases, the blasting cases, and the employer-employee cases are all cases in which this Court has held that the defendants committed a continuous tort. The cases are analogous to a continuing trespass in that the repeated actions of the defendants combined to create a single cause of action in tort.
We hold that the Moons' cause of action is not a continuous tort, but is instead, as in Ramey v. Guyton, 394 So.2d 2 (Ala. 1981), a case in which the alleged negligent act of the defendant and the resulting injury to the plaintiff did not occur concurrently. In fact, in Ramey v. Guyton, supra, there was a delay of approximately one year from the time the defendant-physician prescribed birth control pills before the plaintiff suffered a stroke. When the plaintiff suffered a stroke or sustained a legal injury, she had a right at that time to maintain a cause of action against the physician. Her cause of action accrued on the date that she suffered a stroke, August 5, 1976.
In Ramey v. Guyton, supra, the Court specifically rejected the "discovery rule," even though the plaintiff did not at first know that birth control pills had caused her to suffer a stroke and did not learn that fact until the fall of 1976.
The Moons allege that Harco negligently sold Mrs. Moon U-100 insulin on December 13, 1980; and they claim that on every occasion when she injected herself with U-100 insulin, Harco was guilty of what the Moons described as a "continuous tort." The Moons' cause of action, like that of the plaintiff in Rameyv. Guyton, did not accrue concurrently with the allegedly tortious act. Nothing in the facts alleged by the Moons supports their claims that Harco committed repeated acts of negligence which could be termed a "continuous tort" and which would extend the statutory limitations period. Cf. Tucker v.Nichols, 431 So.2d 1263 (1983).
For the reasons stated, the trial court's summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.