596 So.2d 888 (1992)
William A. HILLIS,
v.
RENTOKIL, INC. and Larry Landman.
1900992.
Supreme Court of Alabama.
January 17, 1992.
Rehearing Denied April 10, 1992.
Daniel F. Aldridge of Brinkley, Chestnut & Aldridge, Huntsville, for appellant William A. Hillis.
*889 W. Stanley Rodgers and George E. Knox, Jr. of Lanier, Ford, Shaver, & Payne, P.C., Huntsville, for appellee Rentokil, Inc.
James S. Lloyd and John A. Gant of Lloyd, Bradford, Schreiber & Gray, P.C., Birmingham, for appellee Larry Landman.

ON APPLICATION FOR REHEARING
HORNSBY, Chief Justice.
This Court's opinion issued October 11, 1991, is withdrawn, and the following is substituted therefor:
William A. Hillis filed an eight-count complaint in the Circuit Court of Madison County against Rentokil, Inc., Larry Landman, and various fictitious parties. Hillis sought damages from the defendants on claims based on breach of warranty, negligence, wantonness, fraud, co-employee liability, failure to warn, and liability under the Alabama Extended Manufacturer's Liability Doctrine, all concerning an injury he says he suffered as a result of exposure to chromated copper arsenate ("CCA"). Rentokil, Inc., and Landman raised the statute of limitations as an affirmative defense.
On January 10, 1991, the trial court entered a summary judgment for the defendants on the ground that each claim was barred by the applicable statute of limitations. Hillis appealed. We reverse.
Hillis began working for L & L Lumber Company in September 1985. While working there, he was exposed to CCA. Rentokil is the manufacturer of CCA. Landman is an employee, or owner and operator, of L & L Lumber Company. Hillis stated that he was never given any type of protective clothing, goggles, or respiration devices to prevent or minimize his exposure to CCA. According to Hillis, he lost his voice in July 1986. Hillis stated that he did not know at the time what had caused the loss of his voice, but he later associated it with the exposure to CCA. Hillis testified that he was treated by a Dr. Carl A. Grote for this condition and that it cleared up sometime after that treatment. Hillis further testified that in August 1987 red spots began to appear on his skin. He stated that this condition progressed and that on September 25, 1987 he was again treated by Dr. Grote. At that time, Dr. Grote diagnosed what appeared to be a "contact dermatitis, the etiology of which is unclear." According to Dr. Grote, Hillis felt that it was caused by certain wood products. The doctor stated, "However, there is no way for me to tell at the present time until we see a greater spectrum of the problem." Finally, Dr. Grote advised Hillis to see a dermatologist because of an allergic reaction to the CCA. Hillis continued to work for L & L Lumber Company until December 31, 1987, the date he was terminated.
The issue in this case is whether the trial court erred in holding that the statutory period of limitations had run on each of Hillis's claims.
In regard to his tort claims, Hillis argues that the injury he suffered was a continuous injury and, therefore, that the statutory period of limitations did not begin to run until December 31, 1987, the date he was terminated from his job. Rentokil argues that the limitations period began to run, at the latest, on September 25, 1987, because Hillis was aware of his injury on that date.
This Court has used the term "continuous tort" to describe repeated tortious conduct that has repeatedly and continuously injured a plaintiff. Moon v. Harco Drugs, Inc., 435 So.2d 218, 220 (Ala.1983). According to Moon, a continuous tort occurs in one of three situations: (1) "when an employer exposes its employee on a continuing basis to harmful substances and conditions"; (2) "when there is a `single sustained method pursued in executing one general scheme'"; and (3) when a person contaminates a well or stream. Moon, 435 So.2d at 220-21.
In the instant case, Hillis began working for L & L Lumber Company in September 1985. While working there, he was exposed to CCA, he alleges, on a continuous basis. This factual allegation, if proven, satisfies the Moon definition of a "continuous tort," because Hillis alleges that the employer exposed him on a continuing basis to harmful substances and conditions. The statute of limitations for a lawsuit *890 based on a continuous tort is two years. Ala.Code 1975, § 6-2-38(g).
According to Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979), and American Mutual Liability Insurance Co. v. Phillips, 491 So.2d 904 (Ala.1986), the statutory period of limitations for a continuous tort begins to run from the "date of injury." The "date of injury" for statute of limitations purposes is "the day on which the plaintiff was last exposed to the damages." Garrett, 368 So.2d at 520. In this case, the last day Hillis was exposed to CCA was December 31, 1987, the date he was terminated from his job. Because Hillis filed this action on November 15, 1989, his tort claims were not barred by the statute of limitations.
Similarly, the breach of warranty claim is not barred by the applicable statute of limitations. Therefore, the summary judgment in favor of Rentokil on the breach of warranty claim can stand only if Rentokil made a showing that, aside from the statute of limitations, there was no genuine issue of material fact and Rentokil was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala.1990). In its motion for summary judgment, Rentokil stated that it was entitled to a summary judgment based on the pleadings filed in this action and Hillis's deposition. After reviewing the record, we find no showing in this material that refutes the allegations of breach of warranty. Because we conclude that Rentokil did not make the required showing regarding the breach of warranty claim, the summary judgment on the breach of warranty claim must be reversed.
Accordingly, the summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
STEAGALL, Justice (dissenting).
I respectfully dissent from the majority's holding that Rentokil, Inc., did not make a prima facie showing regarding the breach of warranty claim and from its holding that William Hillis's other claims are not barred by the statute of limitations.
I would hold that Hillis's injuries did not result from a continuous tort, but that, like the alleged negligent acts in Moon v. Harco Drugs, Inc., 435 So.2d 218 (Ala.1983), and Ramey v. Guyton, 394 So.2d 2 (Ala. 1981), the alleged negligent acts of Rentokil and Larry Landman resulting in Hillis's injuries did not occur concurrently and that because the record reveals that on September 25, 1987, Hillis knew of his injury but did not file suit until November 15, 1989, his claims are barred by the statute of limitations.
In regard to the breach of warranty claim, I would hold that it is not barred by the statute of limitations. Nevertheless, I would hold that Rentokil made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law, see Rule 56, A.R.Civ.P., and, further, that Hillis did not produce substantial evidence in support of this claim and therefore did not defeat the prima facie showing.
MADDOX and HOUSTON, JJ., concur.