I respectfully dissent from the majority's holding that Rentokil, Inc., did not make a prima facie showing regarding the breach of warranty claim and from its holding that William Hillis's other claims are not barred by the statute of limitations.
I would hold that Hillis's injuries did not result from a continuous tort, but that, like the alleged negligent acts inMoon v. Harco Drugs, Inc., 435 So.2d 218 (Ala. 1983), and Rameyv. Guyton, 394 So.2d 2 (Ala. 1981), the alleged negligent acts of Rentokil and Larry Landman resulting in Hillis's injuries did not occur concurrently and that because the record reveals that on September 25, 1987, Hillis knew of his injury but did not file suit until November 15, 1989, his claims are barred by the statute of limitations.
In regard to the breach of warranty claim, I would hold that it is not barred by the statute of limitations. Nevertheless, I would hold that Rentokil made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law, see Rule 56, A.R.Civ.P., and, further, that Hillis did not produce substantial evidence in support of this claim and therefore did not defeat the prima facie showing.
MADDOX and HOUSTON, JJ., concur.