RICHARD L. JONES, Retired Justice.
Mike Jennings appeals from the dismissal of his action against the City of Huntsville; Steve Hettinger, mayor of the City of Huntsville; and Richard Lyles, assistant to the mayor. We affirm.
In September 1993, Jennings was arrested and charged in connection with an attempt to bribe Mayor Hettinger. In December 1992, Jennings was convicted of extortion. He served a 13-month prison sentence that began in July 1993.
In March 1995 Jennings filed this action. His complaint alleged that his arrest and conviction were the result of Hettinger and Lyles’s directing Jennings’s conduct during the Huntsville mayoral and city council election campaign of 1992.
Jennings alleged that the defendants 1) wrongfully interfered with his personal, business, and contractual relationships; 2) “caused” Jennings to be wrongfully arrested; 3) “caused” Jennings to be falsely imprisoned; 4) tortiously invaded Jennings’s privacy by placing him in a false light; 5) slandered Jennings; 6) violated Jennings’s civil rights so as to be liable under 42 U.S.C. § 1983; 7) continuously failed to retract false and misleading statements about Jennings; 8) breached a fiduciary duty to Jennings; and 9) conspired to commit all of the above.
The defendants moved the court to dismiss Jennings’s complaint, alleging, among other grounds, that the applicable statute of limitations barred each of Jennings’s claims; that Jennings had not satisfied the mandatory jurisdictional requirement found in Ala.Code 1975, § 11-47-192[1]; and that the City of Huntsville cannot be held liable for any of the claims set out in Jennings’s complaint and amended complaint. The trial court granted the motion to dismiss.
“Against [an Ala.R.Civ.P.] 12(b)(6) motion to dismiss, a complaint must be construed in favor of the pleader and should not be dismissed unless it appears beyond *230 all doubt that the plaintiff can prove no facts in support of the claim which would entitle him to relief under some legally cognizable theory. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).”
Roberts v. Meeks, 397 So.2d 111, 113 (Ala.1981).
“Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).”
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (emphasis in original).
Having given Jennings’s complaint every possible construction in order “to resolve all doubts concerning [its] sufficiency in favor of [Jennings],” we must affirm the dismissal.
In his complaint, as amended, Jennings stated that the defendants’ conduct upon which his allegations were based occurred during the mayoral election campaign in 1992. Jennings was arrested in September 1992 — that is the date upon which Jennings sustained the alleged injuries of which he now complains. Approximately 2½ years later, on March 16, 1995, and on April 17, 1995, Jennings filed his complaint and his amended complaint.
Each of Jennings’s allegations is subject to a two-year statute of limitations. Ala.Code 1975, § 6-2-38, sets out the causes of action on which an action must be brought within two years after their accrual, and we find all of Jennings’s allegations come within the ambit of § 6-2-38(k) or (l). Further, we find Jennings’s contention that several of his claims are subject to a longer limitations period to be without merit or precedent.
Jennings also argues that the injuries he claims he suffered as a result of the defendants’ conduct can be characterized as “continuous torts,” pursuant to the decision in Hillis v. Rentokil, Inc., 596 So.2d 888 (Ala.1992). Jennings claims that “[a]t a minimum, these breaches continued and renewed through each and every day [he] was in jail and, at a maximum, continue each day the [defendants] remain silent to the true facts of their actions.” We disagree.
“This Court has used the term ‘continuous tort’ to describe repeated tortious conduct that has repeatedly and continuously injured a plaintiff. Moon v. Harco Drugs, Inc., 435 So.2d 218, 220 (Ala.1983). According to Moon, a continuous tort occurs in one of three situations: (1) Vhen an employer exposes its employee on a continuing basis to harmful substances and conditions’; (2) “when there is a “single sustained method pursued in executing one general scheme” ’; and (3) when a person contaminates a well or stream. Moon, 435 So .2d at 220-21.”
Hillis v. Rentokil, Inc., 596 So.2d at 889.
Jennings maintains that the defendants have engaged in a “single sustained method pursued in executing one general scheme” in order to conceal their responsibility for Jennings’s conduct in the attempted bribery. We note, however, that Jennings’s complaint describes conduct on the part of the defendants that culminated in, and ended with, Jennings’s arrest and conviction. Jennings’s complaint does not allege acts on the part of the defendants that constitute “continuous torts” under Alabama law.
In light of the foregoing, we hold that the trial court properly dismissed Jennings’s complaint. The judgment of dismissal is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, INGRAM, and COOK, JJ., concur.

. "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.”