**James O. HAYNIE, Sr. and Louise Haynie, Plaintiffs,**

v.

**HOWMEDICA OSTEONICS CORP. et al., Defendants.**

**No. CIV.A.99–0838–CB–L.**

United States District Court, S.D. Alabama, Southern Division.

Oct. 20, 2000.

---

Jere L. Beasley, J. Greg Allen, Kendall Dunson, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, for plaintiffs.

E.L. Robinson II, John W. Smith, James W. Gewin, Bradley Arant Rose & White, LLP, Birmingham, AL, for defendants.

### MEMORANDUM OPINION and ORDER

BUTLER, Chief Judge.

This matter is before the Court on a motion for summary judgment filed by defendant Howmedica Osteonics Corporation (Doc. 29), plaintiff's opposition thereto (Doc. 37) and defendant's reply (Doc. 40). After due consideration of the issues raised, the Court finds that the defendant is entitled to summary judgment because this action is barred by the statute of limitations.

### Facts [1]

In late 1995, at the recommendation of his orthopedist, plaintiff James O. Haynie, Sr. underwent total knee replacement surgery. Dr. Allen implanted into Mr. Haynie's right knee an Osteonic knee system manufactured by defendant Howmedica Osteonics Corporation ("Howmedica"). Soon thereafter and for three years immediately following the surgery, Mr. Haynie experienced constant and severe pain, suffering and discomfort in his right knee.

According to Mr. Haynie, he had problems with his knee "from the time they put it in until the time they took it out." (Haynie Depo. p. 5.). Mr. Haynie's continued knee problems caused him to limp which, in turn, caused or exacerbated problems with his back and with his left leg. Since 1995, Mr. Haynie has had ten spinal surgeries.

Because of the problems Mr. Haynie was experiencing with his knee, Dr. Allen recommended in September 1998 that the tibial insert component of Mr. Haynie's knee replacement system be replaced. The tibial insert contained in the Osteonics knee replacement system was made of polyethylene. According to plaintiff, the polyethylene tibial insert underwent a continuous delamination process once implanted into his knee, causing him continuous pain, discomfort and swelling. On October 15, 1998, Dr. Allen performed surgery and replaced the original tibial insert. Since that time, Mr. Haynie has been able to walk without a cane or a walker.

Mr. Haynie and his wife, Louise Haynie, filed the instant action in the Circuit Court of Mobile County on August 2, 1999, asserting claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for negligence and wantonness on behalf of Mr. Haynie as well as a claim for loss of consortium on behalf of Mrs. Haynie. In addition to Howmedica, a New Jersey corporation, the complaint named as defendants K & W Associates, L.L.C., a corporation with its principal place of business in Alabama, and Bailey Management Group, Inc., a Florida corporation. The action was removed by Howmedica to this Court, and K & W Associates was dismissed as a defendant. As far as the Court can determine, Bailey Management Group, Inc. has never been served with process and has never appeared in this action.[2]

---

1. For purposes of this motion, the facts and all justifiable inferences to be drawn from those facts are set forth in the light most favorable to the nonmoving party, *i.e.*, the plaintiff. *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 999 (11th Cir.1992).

2. By separate order, the claims against this defendant are being dismissed for failure to

### Legal Analysis [3]

Defendant Howmedica contends that it is entitled to summary judgment for two reasons. First, Howmedica asserts that plaintiffs' claims are barred by the relevant statute of limitations. Second, Howmedica contends that plaintiffs cannot prove that the tibial insert was defective. Because the Court finds the limitations issue to be dispositive, there is no need to address the latter argument.[4]

 The parties agree that the relevant limitations period is two years. Ala. Code § 6–2–38(*l*) (1975) (two-year residual personal injury limitations period); *see also Reed v. Stempien,* 475 So.2d 841, 842 (Ala.1985) (limitations period for derivative loss of consortium claim is same as claim from which it is derived). Defendant contends that the cause of action accrued, and the limitations period began to run, when defendant first became aware of knee pain and discomfort following the surgery, *i.e.,* sometime in late 1995.

Plaintiffs do not dispute that the limitations period normally accrues on the date that damages are sustained, "whether or not the full amount of damages are apparent." *Smith v. Medtronic, Inc.,* 607 So.2d 156, 159 (Ala.1992). In this case, damages were first sustained immediately after the surgery when Mr. Haynie began to suffer pain and discomfort as a result of the knee implant. Plaintiffs argue, however, that the normal rule of accrual does not apply because this is not a typical tort injury. Rather, plaintiffs contend that the injury was a continuing one and, therefore, the tort was a continuous one.

 When a tort is deemed continuous, the limitations period runs from the last date the plaintiff was exposed to damages. *Hillis v. Rentokil,* 596 So.2d 888, 889 (Ala.1992). A continuous tort refers to "a defendant's repeated tortious conduct which has repeatedly and continuously injured a plaintiff." *Moon v. Harco Drugs, Inc.,* 435 So.2d 218, 220 (Ala.1983). Plaintiffs argue that this case involves a continuous tort because the tibial insert in Mr. Haynie's knee implant underwent a continuous delamination process after it was implanted and that this process was the cause of Mr. Haynie's pain. However, as the definition above makes clear, it takes more than a continuous injury to satisfy the continuous tort theory. The tortious conduct itself must also be repeated.[5] Here, the alleged tortious conduct was a

---

prosecute pursuant to Fed.R.Civ.P. 41(b).

**3.** The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 & 1441.

**4.** In reviewing the motion for summary judgment, the Court is mindful of the standards it must follow. Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (footnote omitted).

**5.** Examples of continuous torts are: (1) "when an employer exposes its employee on a continuing basis to harmful substances and conditions;" (2) "when there is a single sustained method pursued in executing one general scheme, as in a blasting case;" and (3) "when a landowner seeks damages for the contamination of a well or stream." *Moon,* 435 So.2d at 220–21.

single occurrence—the defective, negligent or wanton design or manufacture of the knee implant.

In *Moon* the Alabama Supreme Court refused to apply the continuing tort theory to analogous facts. In that case, Mrs. Moon's husband purchased insulin for his wife from one of the defendant's drug stores. The insulin was clearly labeled U–100, but Mrs. Moon had been prescribed NPH U–100. Mrs. Moon first suffered injury from the use of the U–100 outside the limitations period but, not realizing the insulin was the wrong type, continued to use the U–100 within the limitations period. The Moons argued that their claims were not barred because the tort was a continuing one since there was an injury every time Mrs. Moon injected the wrong insulin. The court rejected this argument, holding that the continuing injuries did not amount to repeated acts of negligence on the part of the defendant. *Moon,* 435 So.2d at 220.

In conclusion, the Court finds that Mr. Haynie's injury was not the result of a continuous tort. Consequently, the limitations period began to run on the date he first sustained damages, which was some time in late 1995. Since this action was not filed until August 1999—more than two years later—it is barred by the statute of limitations. Accordingly, the motion for summary judgment is hereby **GRANTED.**