The trial court denied Conseco's motion to compel arbitration. Therefore, instead of dismissing Conseco's appeal, this Court should address the merits of the arbitration issue.
The trial court has never indicated that it intends to limit a jury trial to the issue whether Slay actually signed the contract for the purchase of the mobile home. After the motion to compel arbitration was argued orally, the trial court stated "that Nora Slay's allegation that her purported signature on these documents is, in fact, a forgery, and is going to be sufficient to prohibit the matter from proceeding to arbitration, and that she would have the right to a jury trial in thismatter." There is no basis for a conclusion that the trial court equated "matter" with the limited "issue" of the validity of Slay's purported signature. Indeed, any such notion is belied by the trial court's written order, which simply denied the motion to compel arbitration.
Conseco was dissatisfied with the denial of its motion and sought to have the trial court amend its order "to clarify that arbitration is not being denied at this stage of the proceeding but, rather, that the issue of the validity of [Slay's] signature on the arbitration agreement should be determined by trial by jury." The trial court refused to amend its order denying arbitration, clearly leaving intact its previous absolute
denial of the motion to compel arbitration.
I would affirm the trial court's order denying arbitration, because Conseco did not carry its initial burden of "proving that the contract evidences a transaction substantially affecting interstate commerce."American Gen. Fin., Inc. v. Morton, 812 So.2d 282, 284-85 (Ala. 2001) (plurality opinion). Conseco attempts to excuse its failure by arguing that "the record on appeal is devoid of any mention by Slay, much less any affirmative pleading, that the arbitration provision at issue did not involve interstate commerce." Reply Brief of Appellant, at 3. However, that argument ignores the fact that Conseco had the initial burden with regard to the interstate-commerce issue. Also, it ignores Slay's right to "defend the trial court's ruling with an argument not raised below, for this Court `will affirm the judgment *Page 620 
appealed from if supported on any valid legal ground.' Tucker v. Nichols,431 So.2d 1263, 1265 (Ala. 1983)." Smith v. Equifax Servs., Inc.,537 So.2d 463, 465 (Ala. 1988).