LYONS, Justice
(concurring in part and concurring in the result).
I concur in the main opinion to the extent that it concludes that the allegations of the complaint, even if taken as true, do not foreclose the possibility of proof that Crosslin’s tumor was not in a “growth phase when Dr. Calvert first diagnosed it on February 23, 2002,” thereby creating a fact situation where the tumor “did not worsen on that date.” 5 So.3d at 1197. Our settled caselaw, discussed in the main opinion, defers accrual of a cause of action to the date of injury when the negligent act and the resultant harm do not coincide. See, e.g., Ramey v. Guyton, 394 So.2d 2 (Ala.1980).
The main opinion then goes further, stating:
“Nor do the allegations of the complaint foreclose the possibility of proof that, even if the tumor did worsen on Febru *1200 ary 23, 2002, a disclosure of the presence of the tumor to Crosslin on February 23, 2002, would likely not have resulted in surgery on that same day so as to halt whatever worsening of his condition otherwise would have occurred between that day and the following day, February 24, 2002.”
5 So.3d at 1197. The main opinion cites no authority for deferral of accrual of a cause of action in the context of impracticality of immediate treatment, notwithstanding worsening condition. We have not yet considered this issue, so far as my research has determined. Until such facts are presented, making it necessary to decide the issue of deferral of accrual by impracticality of immediate treatment, I express no opinion, and, as to this aspect of the main opinion, I concur only in the result.
BOLIN, J., concurs.