MURDOCK, Justice
(concurring in part, concurring in the result in part, and dissenting in part in case no. 1070484 and case no. 1070487, and concurring in the result in case no. 1070514).
In special writings in Pavilion Development, L.L.C. v. JBJ Partnership, 979 So.2d 24, 37-45 (See, J., and Murdock, J., concurring specially), Justice See and I expressed our disagreement with the position taken by Justice Lyons in his dissenting opinion in that case, 979 So.2d at 45-47, that this Court should hold an argument waived when an appellant’s principal brief fails to address an argument urged upon the trial court by the appellee but not relied upon by the trial court in ruling in favor of the appellee. Pavilion was a case in which the basis of the trial court’s judgment was discernible from the record. In that context, I reasoned that, although an appellate court may affirm a trial ■ court’s judgment on “any valid legal ground,” we “should [hot] transform a rule designed to allow an appellate court to affirm a lower court’s judgment on any ground determined to be valid into a rule that requires an appellate court to affirm a lower court’s judgment on any ground, without regard for the validity of the ground, merely so long as that ground was raised in the trial court by the prevailing party and was not addressed by the appellant on appeal.” 979 So.2d at 42 (some emphasis omitted). I also suggested that the same concerns should apply even when the ground for the trial court’s ruling is not discernible from the trial court’s judgment or otherwise from the record. Id. (discussing, among other things, the need to limit this Court’s holding in Fogarty v. Southworth, 953 So.2d 1225 (Ala.2006)).
In the present case, even accepting the view taken in the main opinión that it is not discernible from the record and from the trial court’s judgment that the trial court did not base its summary judgment in favor of Strange on a finding that the February 22, 2005, substitution of Strange for a previously described fictitiously named party did not relate back under Rules 9 and 15, Ala. R. Civ. P., to the filing of the original complaint, I write to express my disagreement with the use of a waiver rule employed by the main opinion.
*1104 My disagreement begins with the recognition of the principle that “an appellate court will not presume error and will affirm the judgment appealed from if supported on any valid legal ground.” Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983). A corollary to this rule is that we do presume that the trial court made those findings necessary to support its judgment.. See, e.g., Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996).
These two rules, in turn, provide context for application of the “long-standing, well-established rule that the appellant has an affirmative duty of showing error upon the record.” Tucker, 431 So.2d at 1264. Where it is discernible from the judgment and the remainder of the record that the trial court may well have based its judgment on a particular ground and that ground is not contested in the appellant’s brief, then I can accept the notion that the appellant has failed to meet its burden of showing that the trial court erred. For this failure to occur consistent with the principles quoted above, however, the ground must be one that, for all that appears from the record, the trial court may have actually and properly relied upon. This means not only that the ground at issue was presented to the trial court and that it is not discernible from the record that the trial court based its judgment on some other ground, but also that the ground is valid legally and, to the extent the ground is dependent on factual findings, the factual record is such that the trial court could have made those findings. If these attributes are not present, then the above-quoted principles do not allow us to impute such a ground to the trial court, and, therefore, a failure by an appellant to address the ground does not logically constitute a failure to demonstrate an error by the trial court.[12]
Notwithstanding the above-described objection to the waiver rule employed by the main opinion as to Strange, for the reasons explained below I concur in the result reached by the main opinion as to the affirmance of the summary judgment in his favor. For the same reasons, I dissent as to the main opinion’s reversal in some respects of the summary judgments entered in favor of certain other defendants.
In McLemore v. Hyundai Motor Manufacturing Alabama, LLC, 7 So.3d 318, 339 (Ala.2008) (Murdock, J., concurring in part and dissenting in part), I reached the conclusion that the 2002 amendment to the option agreement between the governmental entities and the Russells set the purchase price for the Russells’ land at a fixed amount of $4,500 per acre. In the present case, the 2002 amendments to the option agreements between the governmental entities and the landowners contained the same amendatory language as did the 2002 amendment to the agreement between the governmental entities and the Russells in McLemore. Accordingly, I respectfully dissent to the extent the main opinion reverses the summary judgment entered by the trial court as to the breach-of-contract claims and, by extension, any tort claims dependent for their viability on the notion that the landowners were contractu *1105 ally entitled to receive more than $4,500 per acre for their land.
I concur in Parts VII and VIII of the main opinion.

. In addition, as I suggested in Pavilion, a waiver rule of the nature employed by the main opinion today gives a party some incentive to "spread” upon the record of the trial court a multitude of various arguments, even those known to be without merit, in the hope that, if the party prevails at trial, an appellant will fail to address all of them in its initial appellate brief. Concomitantly, it forces all appellants to spend time and money addressing in their principal appellate brief arguments that could not have served as the basis for the ruling against them in the court below.