J. S17015/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARRY L. DONALDSON AND | : | IN THE SUPERIOR COURT OF |
| BRENDA L. DONALDSON, HUSBAND | : | PENNSYLVANIA |
| AND WIFE, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| AMERIKOHL MINING, INC, AND SENEX | : | |
| EXPLOSIVES, INC, | : | |
| | : | |
| Appellees | : | No. 1892 WDA 2014 |

Appeal from the Order Entered October 20, 2014
In the Court of Common Pleas of Fayette County
Civil Division No(s).: 3617 of 2009, G.D.

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 09, 2015**

Appellants, Barry L. Donaldson and Brenda L. Donaldson, his wife,

appeal from the order entered in the Fayette County Court of Common Pleas

granting the motion of Appellees, Amerikohl Mining, Inc., and Senex

Explosives, Inc., for summary judgment. Appellants contend the trial court

erred in holding that blasting was not a continuous tort as a matter of law.

We vacate and remand for further proceedings.

On December 31, 2009, Appellants filed a complaint and averred "at

all times relevant hereto and up to and including June 11, 2008, [Appellees]

---

[*] Former Justice specially assigned to the Superior Court.

conducted or caused to be conducted blasting operations with explosives on property adjacent to [Appellants'] property," and that as a result of the blasting, their property was damaged. Appellants' Compl., 12/31/09, at ¶ 6-7. On March 12, 2013, Appellees filed a motion *in limine* for a determination as a matter of law that blasting is not a continuous tort. On August 29, 2013, the trial court granted the motion and found as a matter of law that blasting was not a continuous tort and that Appellants were precluded from proof of and recovery of damages occurring prior to December 31, 2007. Order, 8/29/13.[1]

On October 20, 2014, the date the trial was scheduled, counsel for Appellees made an oral motion for summary judgment. N.T., 10/20/14, at 2. The trial court granted the motion for summary judgment. *Id.* at 11. The court stated: "[I]t is the finding of this Court that [Appellants] would be unable to sustain their burden of proof necessary to recover in this matter in light of this Court's Order dated August 29, 2013, and therefore . . . the Motion for Summary Judgment of [Appellees] is granted."[2] Order, 10/20/14.

---

[1] On September 17, 2013, the trial court entered an order restating its holding in the August 29th order and further found that the "order involve[d] a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal form this Order may materially advance the ultimate termination of this matter." Order, 9/17/13. This Court denied Appellants' petition for permission to appeal. Order, 11/19/13.

[2] Following the ruling, counsel for Appellants stated: "If I could just make a request in the Order if you put that we were unable to sustain our burden of

This timely appeal followed. Appellants filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court relied upon its August 29, 2013 opinion and order in lieu of a Pa.R.A.P. 1925(a) opinion. Statement in Lieu of Opinion, 11/20/14.

Appellants raise the following issue for our review: "Whether the [t]rial [c]ourt committed prejudicial error by granting Appellees['] Motion *In Limine*[3] and Motion for Summary Judgment holding that blasting is not a continuous tort and, as a result, Appellants were precluded from proof of and recovery of damages occurring prior to December 31, 2007?" Appellants' Brief at 5. Appellants argue the trial court erred in finding that blasting was not a continuous tort. Appellants contend Appellees' "blasting activities damaged [their] property, but such damage occurred in the course of [Appellees] committing and continuing to commit damage-causing blasting activities." Appellants' Brief at 10-11. Appellants claim that the full extent of their damages could not be determined in light of the continuous nature of the blasting activities. *Id.* at 12. They aver "the facts of this case render it factually similar to continuous trespass or tort cases . . . ." *Id.*

Our review is governed by the following principles:

---

proof in considering your previous Court Order dated August 29, 2013. That way the issue will be very narrow." N.T., 10/20/14, at 11.

[3] We note the appeal lies from the October 20th order granting Appellees' motion for summary judgment.

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate **only** when the record clearly shows that **there is no genuine issue of material fact** and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and **resolve all doubts as to the existence of a genuine issue of material fact against the moving party**. Only when the facts are **so clear** that **reasonable minds could not differ** can a trial court properly enter summary judgment.

**Cassel-Hess v. Hoffer**, 44 A.3d 80, 84-85 (Pa. Super. 2012) (citation omitted and emphases added).

In **Cassel-Hess**, this Court explained the distinction between a permanent trespass[4] and a continuing trespass[5] as follows:

To determine whether the action concerns a "permanent change in the condition of the land"—or whether the action alleges separate, independent injuries—**a court must consider a variety of factors**, including: 1) the character of the structure or thing which produces the injury; 2) whether "the consequences of the [trespass/nuisance] will continue indefinitely"; and, 3) whether the "past and future damages" may be predictably ascertained. **Sustrik**

---

[4] We note the statute of limitations for "[a]n action for waste or trespass of real property" is two years. 42 Pa.C.S. § 5524(4).

[5] "If the action is for damages resulting from one continuous wrong, the right of action does not accrue and the statute of limitations does not begin to run until there is a cessation of the overt act constituting the wrong." **Cogley v. Duncan**, 32 A.3d 1288, 1290 n.4 (Pa. Super. 2011), citing 31 Pa. Law Encyclopedia 2d, Limitation of Actions § 51 (2003).

[***v. Jones & Laughlin Steel Corp.***, 197 A.2d 44, 46–47 (Pa. 1964)[6]], and ***Graybill v. Providence Twp***., [ ] 593 A.2d 1314, 1316–1317 ([Pa. Cmwlth.] 1991) (*en banc*) . . . .

***Id.*** at 87 (emphasis added).[7]

---

[6] Instantly, the trial court acknowledged there were no controlling cases in Pennsylvania addressing the issue. Trial Ct. Op., 8/29/13. The court cited ***Parker v. Vibra-Tech Eng's.***, 22 Phila.Co.Reptr. 353 (Phila. C.C.P. 1991). "We recognize that decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority." ***Hirsch v. EPL Techs., Inc.***, 910 A.2d 84, 89 n.6 (Pa. Super. 2006) (citation omitted). In ***Parker***, the court opined: "Directing our attention to the case at bar, there are **no salient reasons why the damages to the plaintiffs' properties could not have been adequately estimated** for the purpose of pursuing recovery in one cause of action." ***Parker***, 22 Phila.Co.Reptr. at 360 (emphasis added).

[7] Our research does not reveal any precedential Pennsylvania cases addressing the issue of whether blasting was a continuous tort. Out of state decisions can be received for their persuasive authority, but they are not binding precedent. ***Branham v. Rohm and Haas Co.***, 19 A.3d 1094, 1107 (Pa. Super. 2011). In ***Moon v. Harco Drugs, Inc.***, 435 So.2d 218 (Ala. 1983), the court opined:

> This Court has held that a defendant's repeated wrongs to the plaintiff **can** constitute a "continuous tort," such as: (1) when an employer exposes its employee on a continuing basis to harmful substances and conditions; (2) when there is a "single sustained method pursued in executing one general scheme," as in a blasting case; and (3) when a plaintiff landowner seeks damages for the contamination of a well or stream.
>
> The stream and well pollution cases, the blasting cases, and the employer-employee cases are all cases in which this Court has held that the defendants committed a continuous tort. The cases are analogous to a continuing trespass in that the repeated actions of the defendants combined to create a single cause of action in tort.

***Id.*** at 220-21 (citations omitted and emphasis added).

In **Graybill**,[8] the Commonwealth Court opined:

> [T]he term 'permanent,' as here used, 'has reference not alone to the character of the structure or thing which produces the alleged injury, but also to the character of the injury produced by it. In other words, the structure or thing producing the injury may be as permanent and enduring as the hand of man can make it; yet if the resulting injury be temporary or intermittent, depending on future conditions which may or may not arise, the damages are continuing, and successive actions will lie for successive injuries.'

**Graybill**, 593 A.2d at 1317 (citation omitted), **see also** Restatement 2d Torts, § 162, cmt.(e).

The **Graybill** Court noted the difficulty in determining which doctrine was applicable in a particular case and opined:

> In the annotation, *When Statute of Limitation Commences to Run Against Damage from Overflow of Land Caused by Artificial Construction or Obstruction*, 5 A.L.R.2d 302 (1949), the annotator noted that courts have frequently stated that the subject under annotation is one "**beset with extreme difficulties**, on which the authorities are in greatest conflict and exhibit a good deal of confusion." *Id.* at 309-10 (footnotes omitted). Courts have uniformly based their holdings, concerning when the statute began to run, on the distinction between **permanent change** (sometimes called "original injury" or damage resulting from structures "necessarily injurious") **versus continuing trespass** (also referred to as "temporary", "transient" or "recurring" injury, **see id.** at 310). However, the cases reveal that determination of

---

[8] We note "[a]lthough decisions of the Commonwealth Court are not binding on this Court, we may rely on them if we are persuaded by their reasoning." **NASDAQ OMX PHLX, Inc. v. PennMont Secs.**, 52 A.3d 296, 308 n.7 (Pa. Super. 2012) (citation omitted).

that question usually **involves the close analysis of many factors**.

*Id.* at 1316 (emphases added). In ***Piccolini v. Simon's Wrecking***, 686 F.Supp. 1063 (M.D. Pa. 1988), the court opined: "The issue of whether an injury is permanent is not easily resolved." ***Id.*** at 1077.

In the case ***sub judice***, the determination of whether the blasting was a continuous tort required the court to consider a variety of factors. ***See Cassel-Hess***, 44 A.3d at 87; ***Graybill***, 593 A.2d at 1316. Instantly, the trial court found that blasting was not a continuous tort as a matter of law, without any analysis of the facts of the case. Therefore, we find the court erred in granting summary judgment. ***See Cassel-Hess***, 44 A.3d at 84-85. Accordingly, we vacate the order granting summary judgment and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015