This is a postdivorce proceeding involving the payment of postminority support for college education.
The State of Alabama, on behalf of the mother, filed a contempt petition for nonpayment of child support against the father. The State additionally requested that the father be ordered to contribute to the college expenses of the parties' two minor sons.
Following ore tenus proceedings, the trial court found, among other things, the following:
 "That in the event that either of the minor children of the parties . . . desire to continue their post-minority education, that the defendant has a legal obligation to assist said minor children by paying a reasonable amount toward the expenses of said post-minority education of said children. In the event the parties are not able to reach an agreement as to the amount that the defendant shall contribute toward said post-minority education expenses, this court specifically retains jurisdiction to ascertain and determine what amounts the defendant should contribute toward said post-minority education in keeping with the factors set forth in the decision of the Supreme Court of Alabama in Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), and Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App. 1990)."
The father appeals from this portion of the order and asserts that it was error for *Page 309 
the trial court to find that he was legally obligated to contribute to the postminority expenses of the two minor children.
The record reflects that the children are 17 and 15. The mother testified that she would like for the children to attend college. She stated that the older child wanted to "try" college and that she was not sure of the younger child's intentions. She testified that if the children wanted to attend college it would be difficult for her to support them without the father's assistance. The record was devoid of any evidence concerning the children's grades or the anticipated expense of sending them to college. The child support guideline forms show that the mother earns approximately $1,970 per month and the father earns $1,400 per month. The mother was requesting financial help with the college expenses because she did not want to return to court to ask for assistance at a later date.
Our supreme court, in the case of Ex parte Bayliss,550 So.2d 986 (Ala. 1989), declared the following to be the public policy of this state:
 "Since the normal age for attending college extends beyond the age of 19 years, under § 30-3-1
courts have the right to assure that the children of divorced parents, who are minors at the time of the divorce, are given the same right to a college education before and after they reach the age of 19 years that they probably would have had if their parents had not divorced."
Subsequent to that declaration, the court adjured the trial courts to exercise their Solomonic wisdom, as applied in child support and custody cases, in "deciding whether to require a parent to provide or help defray the cost of a college education for a child even after that child attains the age of 19 years." Ex parte Bayliss.
We conclude from the declaration of public policy that a "right" to a college education exists for the child of divorced parents both during and after the age of minority. In order to secure that "right," it must be requested by petition to the court which granted the divorce before the child reaches the age of majority. Ex parte Barnard, 581 So.2d 489 (Ala. 1991).
Whether the trial court requires the parent to provide or aid in providing the cost of a postminority college education is a matter of judicial discretion after considering all relevant factors. Some of such factors are set out in Ex parte Bayliss
and subsequent decisions of this court. Bayliss v. Bayliss,575 So.2d 1117 (Ala.Civ.App. 1990); Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990). According to Bayliss, a primary criterion would be — if the family unit had not been separated by divorce and the parent had the means, would he/she have provided the child a college education after he reached the age of 19 years? If so, the parent's educational support obligation should not cease.
We said in Berry v. Berry, 579 So.2d 654 (Ala.Civ.App. 1991), that to declare the existence of such an obligation before the child has reached or nearly reached graduation from high school and before all of the relevant factors have been presented and considered by the court is premature and improper.
The trial court has declared that the father has a legal obligation to provide a college education for his children. Such declaration was premature and without evidentiary basis. That was error, even though no amount of support was determined. That provision (paragraph 5) of the judgment is ordered stricken and set aside. Of course, the matter remains within the jurisdiction of the trial court until each of the children shall have reached the age of 19 years.
We note that this matter arose by petition filed by the District Attorney of Crenshaw County, Alabama. It was filed under authority of § 30-3-61, Code 1975. There was no objection made at trial to that procedure even though the issues raised at trial and entered in the judgment far exceeded the entry of a withholding order for child support. We offer no opinion as to the correctness of the procedure.
The judgment is affirmed in part and reversed in part. The case is remanded. *Page 310 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.