After an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Dorothy and Charles Ingram.
The judgment contained a property division awarding Mrs. Ingram (wife), inter alia, certain rental and residential properties, furniture, two cars, two insurance policies, a membership to "The Club," 1,200 shares of Central Bank stock, Royal Trust stock, and jewelry. Mr. Ingram (husband) was awarded, inter alia, all the interest in Homewood Chiropractic Clinic, P.C., two cars, a boat, all rights and interest in C.R.I. Holding, Inc., 1000 shares of Octel stock, title to a Merrill-Lynch CMA account, an individual retirement account, a Keough plan, silver coins and medallions, furniture, guns and weapons, and all cameras and camera equipment. The husband was ordered to pay the wife alimony in the amount of $1000 per month.
This is both parties' second marriage, and there were no children born of this marriage. At the time of trial, the wife was 63 years of age, and the husband was 53 years of age. The husband is a chiropractor, and the wife worked as a bookkeeper for the husband before the marriage and continued to work with him during the marriage.
Both parties filed post-judgment motions, and the trial court subsequently amended its order providing that the wife's attorney fees be paid by the husband in the amount of $17,000 instead of the original $14,000 provided for in the order of February 25, 1991. All other relief was denied. The wife appeals.
First the wife argues on appeal that she was denied due process of law because the hearing was trifurcated with six days of trial spread out over a period of fourteen months. The wife contends that over this period of time, the trial judge failed to remember certain testimony which affected the award of property to the wife.
The parties separated on April 27, 1986. The wife filed her complaint on October 15, 1987. Discovery followed, and this case was initially set for trial on January 16, 1989. A review of the record reveals that the hearing was continued several times by motions from both the wife and the husband. The trial court rescheduled the hearing due to the unavailability of the court on two occasions because the trial judge was engaged in other trials. The first hearing began on November 29, 1989, and was finally concluded on January 22, 1991. There is nothing in the record to indicate that the attorney for the wife raised this issue before the trial court at any of the hearings nor was it raised in her *Page 420 
motion for a new trial. It is well settled that the judgment below will not be reversed on grounds not raised and presented to the trial court and upon which the trial court did not have an opportunity to rule. Tucker v. Nichols,431 So.2d 1263 (Ala. 1983); McGugin v. McGugin, 357 So.2d 347
(Ala.Civ.App. 1978). Also, it has long been the law in Alabama that constitutional issues not raised in the trial court below will not be considered for the first time on appeal. Caylor v. Caylor, 344 So.2d 173
(Ala.Civ.App. 1977).
The wife's next argument is that the trial court erred in allowing the husband to testify as to his opinion of the fair market value of the house that he and the wife lived in up until the time of separation. The wife argues that he was not qualified as an expert nor did he have legal title to the house.
Section 12-21-114, Code 1975, regarding market value testimony provides:
 "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion." (Emphasis added.)
In this case, the house was purchased during the marriage, and the husband lived in the house for a number of years. The record reflects that during the marriage improvements were made on the house enhancing its value. During this period of time, the husband had an opportunity to form an opinion as to the value of the house.
The wife further argues that by allowing the husband to testify as to his opinion concerning the market value of the residence, the trial court enhanced the value of the wife's assets and, thereby, caused an increase in the husband's award of marital assets in the division of the property. We note that the record also contains opinion testimony of the wife and a qualified real estate appraiser concerning the market value of the residence. We find no evidence in the record to indicate that the trial court used the husband's testimony as to the market value of the residence to enhance the value of the wife's assets. Consequently, we cannot find that the trial court committed error in allowing the husband to testify as to his opinion of the market value of the residence.
Next, the wife contends that the trial court committed reversible error in the division of the marital property. We first note that the division of marital property in a divorce action is a matter committed to the sound discretion of the trial court. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). The trial court's decision following the presentation of ore tenus evidence is presumed correct, and this court will not reverse that decision absent a gross abuse of discretion. Thomas v. Thomas, 394 So.2d 372
(Ala.Civ.App. 1980). Further, property divisions in a divorce case do not have to be equal, only equitable. Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987).
The wife contends that the trial court only awarded her property that she acquired before the marriage or by inheritance and awarded the husband the property that was acquired during the marriage.
Section 30-2-51, Code 1975, provides in part:
 "[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
The home on Old Leeds Lane, which was awarded to the wife, was purchased during the marriage. The husband testified that he paid the $10,000 earnest-money payment; however, although no documentation was in evidence to support her claim, the wife disputes this testimony. The record does reflect that the wife paid the rest of the purchase price of the home, and title was placed in her name only. Later, the parties borrowed $40,000 which was used primarily to repair and make improvements on the home. The husband testified that *Page 421 
the loan was repaid out of his chiropractic business. The wife did not dispute that the husband's business repaid this loan. The husband and wife both lived in the home during the marriage. It is evident from the record that this property was used for the common benefit of the parties during the marriage, and it was awarded to the wife.
As to the properties inherited by the wife, the record reflects that the husband made financial contributions towards repairing and remodeling the houses on these properties. The wife used these properties as rental income and has, throughout the marriage, retained the use and benefit of the properties and the income from these properties. The wife was awarded all of these properties, the value of which was enhanced by financial contributions from the husband. We cannot find that the trial court committed an abuse of discretion in the division of the marital assets and the award of the property made to the wife.
The wife next contends that the trial court erred in the award of only $1000 per month as periodic alimony. The award and amount of alimony are matters which lie within the discretion of the trial court and will be reversed by this court only for a clear abuse of the trial court's discretion.Scott v. Scott, 460 So.2d 1331 (Ala.Civ.App. 1984). Factors that the trial court may consider in determining the amount and duration of an award of alimony include the length of the marriage, the current financial circumstances of the parties, their future prospects, their ages and health, and the parties' conduct in causing the divorce. Grimsley v.Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989); Warrenv. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). The parties were married approximately 14 years before they separated, and, as previously noted, it was the second marriage for both parties, and no children were born from this marriage. The wife has a substantial separate estate; she is a former school teacher; and she apparently has no health problems. We cannot find from the record evidence that the trial court clearly abused its discretion in awarding the wife $1000 per month as periodic alimony.
The wife also argues that the trial court did not take into consideration the conduct of the husband during the marriage and during the divorce proceedings; however, this court cannot find from the record that the trial court did not consider the conduct of both parties in fashioning its judgment as to both alimony and property awards.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.