Margelyn B. Martin (wife) filed for divorce from Harold L. Martin (husband) in June 1991. In April 1992, following an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the parties' marriage. The trial court granted the wife custody of the three minor children and ordered the husband to pay $1,340 per month in child support. The trial court further ordered the husband to pay the wife $20,000 as alimony in gross, $660 per month in periodic alimony, $10,000 as an attorney's fee, and $981.35 in court costs. The husband was also ordered to pay all taxes then owed by the parties, to maintain medical insurance on the children, to name the children as equal beneficiaries on his life insurance program, and to pay college expenses for the children during their first four years of college.
The wife was awarded property that included a duplex and lot located in Tallahassee, Florida, a one-half interest in the parties' limited partnership in Tallahassee, including one-half of the 1991 income, all retirement funds and IRA accounts in her name, a Ford Taurus automobile, and a Ford van. The husband was awarded the parties' home place located in Mobile, Alabama, a Mercedes-Benz automobile, all retirement funds and IRA accounts in his name, a one-half interest in the parties' limited partnership, including one-half of the 1991 income, an office building in Tallahassee, and his medical practice in Mobile.
The husband raises two issues on appeal: (1) whether the trial court erred by ordering him to pay the college expenses for the minor children during their first four years of college, and (2) whether the trial court abused its discretion in ordering him to pay the wife $660 per month in periodic alimony.
The husband first contends that it was error for the trial court to order him to pay support for the post-minority education of the children. In addressing this contention, we are mindful of our supreme court's decision in Ex parteBayliss, 550 So.2d 986 (Ala. 1989).
In Bayliss, the supreme court broadened the equity powers of Alabama courts to provide that, when a marriage has been terminated by divorce, the duty of parents to support and educate their children may extend beyond the age of majority. The supreme court directed that a trial court, when determining the appropriateness of awarding such support, should consider all relevant factors, "including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education."Bayliss at 987. Thus, a parent may have a legal duty to provide or aid in providing a child's college education if the parent has sufficient estate, earning capacity, or income and the child demonstrates the willingness and ability to attain a higher education. Bayliss. In Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990), this court construed Bayliss to require that the evidence show that the sums required to be paid would not cause the parent "undue hardship."
The husband argues that the evidence in the present case failed to satisfy the Bayliss and Thrasher criteria.
The record reflects that the children were ages 11, 13, and 16 at the time of trial. A review of the testimony reveals that no evidence was presented regarding the anticipated expenses connected with a college education for any of the children, or whether the husband would be able to contribute to the cost of such an education when each child was ready to attend college. Further, the record is devoid of any evidence of the children's grades or their willingness to attend college.
In Mansmann v. State ex rel. Eiland, 590 So.2d 308
(Ala.Civ.App. 1991), this court reversed a judgment ordering a father to provide for the post-minority education of his children who were ages 17 and 15 at the time of trial. Finding that no evidence was presented concerning the anticipated expenses of sending the children to college or concerning the children's grades, we concluded that such an award was "premature and without evidentiary basis." Mansmann at 309. Similarly, inBerry v. Berry, 579 So.2d 654 (Ala.Civ.App. 1991), we reversed the trial court's determination that a father was obligated to pay post-minority support for his *Page 194 
then 14-year-old child, holding that the determination of such an obligation was improper before the child had reached or nearly reached graduation from high school, and before all of the relevant factors were presented and considered.
Although it is evident from the record testimony in the instant case that both parents place a high value on education, we find that the trial court's award of expenses for the minor children for four years of college education was premature. Consequently, we reverse that portion of the trial court's order. In doing so, however, we note that the trial court retains jurisdiction over this matter.
The husband next contends that the trial court abused its discretion by ordering him to pay the wife $660 per month in periodic alimony. The award and amount of alimony are matters which lie within the sound discretion of the trial court, and its judgment will be reversed by this court only for a clear abuse of that discretion. Ingram v. Ingram, 602 So.2d 418
(Ala.Civ.App. 1992). Factors that the trial court may consider in determining the amount and duration of an award of alimony include the length of the marriage, the current financial circumstances of the parties, their future prospects, their ages and health, and the parties' conduct in causing the divorce. Ingram.
The record reflects that the parties were married for approximately 17 years. At the time of trial the wife was 45 years old and the husband was 46 years old. The husband is a general surgeon in Mobile. He testified that he has health problems, including diabetes, hypertensive cardiovascular disease, and open-angle glaucoma, which the husband said has resulted in a partial loss of his field of vision. He indicated that he is being treated for his health problems but that they are getting worse. The husband's tax returns reveal that his gross income was $112,929 in 1989, and $90,758 in 1990. He testified that his income for 1991 will be lower than his 1990 income due to an erosion of his patient referral base and his service in an overseas military operation.
The wife is a registered nurse. She testified that she was employed outside the home for 10 of the 17 years of the parties' marriage. Her 1990 tax return revealed her gross income to be $28,348. At the time of trial she was working at a Tallahassee hospital, where her employment income for 1991 was projected to be $29,500. The wife stands also to receive (as does the husband) one-half of all income from the parties' limited partnership each year. The 1991 dividend from this partnership, in the approximate sum of $20,000, was ordered to be divided equally between the parties. The wife estimated the monthly expenses for her and the children to be between $1,600 and $1,900. In view of the factors that may be considered, we cannot find from the record evidence that the trial court clearly abused its discretion in awarding the wife $660 per month as periodic alimony.
The trial court's judgment is reversed in part and affirmed in part.
Both parties' requests for attorney fees on appeal are denied.
AFFIRMED IN PART AND REVERSED IN PART.
THIGPEN and YATES, JJ., concur.