L. CHARLES WRIGHT, Retired Appellate Judge.
Following oral proceedings, the Circuit Court of St. Clair County entered a final divorce decree, dividing the parties’ property, awarding custody of the two minor children to the wife, and ordering the husband to pay child support. The husband appeals.
The husband initially asserts that the trial court erred in its computation of child support. He insists that the court’s imputation of' his yearly salary was not supported by the evidence.
The record reflects a conflict between the income affidavits submitted by both parties and the testimony adduced at trial. The court did not find the amounts in the affidavits to be a true depiction of the parties’ incomes. It, therefore, based its child support determination on its own perception of the evidence. The amount imputed by the court was within the parameters of the established evidence. We find no error, particularly in view of the fact that it was the duty of the court to resolve any conflict in the evidence. Jeffrey v. Jeffrey, 628 So.2d 783 (Ala.Civ.App.1993).
The husband next contends that the court erred in awarding custody of the two minor children to the wife.
Decisions concerning child custody are matters of judicial discretion. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986). When testimony is presented ore tenus, there is a presumption that the court’s ruling *597 regarding child custody is correct. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). The controlling considerations in child custody eases are the welfare and best interests of the child. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988).
To detail the facts concerning custody, as revealed in our careful review of the record, would serve no useful purpose. There were allegations of misconduct against each party. The allegations were supported by some evidence. It appears from that evidence that neither party has exhibited superior parenting skills. Our review of the record, however, fails to indicate an abuse of judicial discretion in awarding custody to the wife.
The husband finally contends that the court erred in awarding the marital home to the wife and in voiding the mortgage which encumbered the home. He insists that the award was in error because the wife did not specifically request the relief and there was no evidence presented concerning such relief. The husband’s assertion is without merit.
At the beginning and at the end of the hearing, the court specifically recapitulated the parties’ intentions that he make determinations concerning “the kids, the house, and child support.” There was evidence submitted concerning the home and the mortgage. In fact, the deed and the mortgage to the home were introduced into evidence without objection. Having assumed jurisdiction of marital res, the court is empowered to determine all equities between the parties. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969).
The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). Applying the discretionary rule to the facts of this case, we cannot say that the court abused its discretion in the disposition of the marital home.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.