686 So.2d 1245 (1996)
Nancy DAVIS
v.
J. Mark DAVIS.
J. Mark DAVIS
v.
Nancy DAVIS.
2950343, 2950387.
Court of Civil Appeals of Alabama.
August 2, 1996.
Rehearing Denied September 6, 1996.
Certiorari Denied December 13, 1996.
*1247 Charles M. Thompson of Thompson & Carson, P.C., Birmingham, for Appellant/cross appellee Nancy Davis.
Lindsey J. Allison and Julia C. Kimbrough of Griffin, Allison, May, Alvis & Fuhrmeister, Birmingham, for Appellee/cross appellant J. Mark Davis.
Alabama Supreme Court 1952109.
MONROE, Judge.
Mark Davis sued his wife, Nancy, for a divorce after 19 years of marriage, alleging incompatibility. The wife filed a counterclaim in which she also sought a divorce on the ground of incompatibility. After an ore tenus hearing, the trial court entered a judgment divorcing the parties. The wife was awarded custody of the parties' two teenaged children. The husband was ordered to pay $1,140 a month as child support; the amount of support is to decrease to $740 a month after the older child reaches age 19. The trial court divided the marital property and the debts of the marriage. The husband was ordered to pay the wife $750 a month in periodic alimony; to pay alimony in gross; and to pay the wife's attorney fee and the cost of the wife's expert witness. The wife appealed from the trial court's judgment. The husband cross appealed.
The wife contends that the husband's child support obligation was inadequate and that in awarding child support the trial court did not adhere to the child support guidelines set forth in Rule 32, Ala. R. Jud. Admin. The wife argues that the trial court erred in determining the husband's monthly income, which was used as the basis for computing the husband's child support obligation.
When the trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if it is supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The amount of the husband's income was in dispute. The wife claimed the husband earned a much higher income from his businesses than the husband claimed he earned. It is the trial court's duty to resolve any conflicts in the evidence. Bryant v. Bryant, 634 So.2d 596 (Ala.Civ.App.1994). After hearing the evidence, the trial court set out extensive findings regarding the husband's income from his businesses and determined that his monthly income was $7,500. The wife's monthly income was $2,000. Our review of the record shows that the evidence supports the trial court's findings as to the parties' monthly incomes.
The trial court ordered the husband to pay $1,140 as child support for his two children. In setting that amount, the trial court specified that it had applied the child support guidelines in accordance with Rule 32, Ala. R. Jud. Admin. Our calculation as to the amount of the husband's child support obligation is in line with the trial court's calculation.
As stated above, the evidence supports the trial court's findings as to the parties' incomes. Furthermore, the amount of child support awarded is in accordance with the Rule 32 guidelines. Therefore, the trial court properly determined the husband's child support obligation, and the award of child support is not inadequate.
The wife also contends that the trial court erred in not requiring the husband to pay for a college education for the children. In her brief to this court, the wife argued that "[i]t was appropriate in the present case according to [Ex Parte Bayliss, 550 So.2d 986 (Ala.1989),] to have reasoned that the subject two children would quite likely go to college"; therefore, she said, the husband had a duty to pay for their college educations. However, the wife did not present *1248 any evidence from which the court could have "reasoned" that the children would "quite likely" go to college. There is no evidence that the children had made any kind of commitment toward going to college, or that they had the aptitude for college. See Bayliss, supra, at 987. There is no evidence of the children's grades, what jobs or careers the children hope to pursue, or whether the older child, who was 18 years old at the time of the divorce, had even applied to any colleges. We cannot say the trial court erred in not ordering the father to pay for the children's college educations, because there is no evidence that there is a college education to be paid for.
The wife also contends that the amounts of periodic alimony and alimony in gross were "grossly inadequate." The husband, however, argues that the amounts of both were excessive and constitute an abuse of the trial court's discretion. The parties do not argue that the trial court erred in otherwise dividing the marital property.
"`Periodic alimony' is an allowance for future support of the [former spouse], payable from the current earnings of the [other former spouse]." Lacey v. Ward, 634 So.2d 1013, 1014 (Ala.Civ.App.1994). Alimony in gross, on the other hand,
"`is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival.'"
Ex parte Reuter, 623 So.2d 737, 737-38 (Ala. 1993), quoting Hager v. Hager, 293 Ala. 47, 52, 299 So.2d 743, 747 (1974). "The matter of alimony is entrusted to the discretion of the trial court. This court will not set aside that judgment unless an abuse of discretion is established." Thornburg v. Thornburg, 628 So.2d 885, 887 (Ala.Civ.App.1993). In determining whether to grant alimony, the trial court considers several factors. "These factors include the source of their common property, the ages ... and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce." Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App.1986).
The wife was awarded $750 a month in periodic alimony. The trial court also ordered the husband to pay the wife alimony in gross each year for five years from the divorce. The wife is to receive, as alimony in gross, her choice of (1) five percent of the husband's outstanding stock (which he owned at the time of trial) in the "Eggstra" corporation, the husband's business that produced a product known as an "eggsercizer," which is intended to give a workout to one's hands; or (2) ten percent of the aggregate of the husband's salary, retained earnings and distributions attributable to the husband, and any other monetary benefits during the calendar year from "Eggstra"; or (3) $7,000. The trial court further ordered that during the five years the wife is to receive alimony in gross, the husband is enjoined from selling or conveying any portion of his stock unless the parties agree in writing. If the parties agree that the husband may sell some of his stock, then the wife shall receive half of all proceeds from the sale and the provisions for the alimony in gross payments stay in effect for the full five years. If the parties agree that the husband may sell all of his stock in "Eggstra," then the wife is to receive half of all the proceeds; however, in that event, the husband is relieved of any further obligation to pay alimony in gross.
The trial court found that the husband had an annual salary of $90,000 and the wife had an annual salary of $24,000. The wife says that the amount of money she is to receive from the husband will not be enough to cover her debts, which include the mortgage payment on the marital house, which she received in the division of property. The husband argues that the award of periodic alimony puts a "severe financial constraint" on him.
The trial court found that at the time of the divorce, the parties had been married for 20 years. The husband had had one and one-half years of college and had been trained in nuclear power while serving in the *1249 Navy. He had worked for Alabama Power Company and as a consultant in nuclear power plants and in the petroleum chemicals industry. When he began his company, "Eggstra," he left behind a job from which he received an annual salary of $55,000. The wife was 39 years old at the time of the divorce. She is a high school graduate and attended vocational school. She has not worked outside the home full-time since she and the husband married. At the time of the divorce, the wife was self-employed as a medical transcriptionist.
After reviewing the evidence, considering the division of property, and considering the purposes behind periodic alimony and alimony in gross, we cannot say that the trial court abused its discretion in awarding the wife periodic alimony of $750 a month, or in its award of alimony in gross.
The husband argues that the award of alimony in gross to the wife is an unfair burden on him and also on his company, "Eggstra." In his brief to this court, he speculates on problems that might arise in the company during the five years he is to pay alimony in gross, and he says that the restrictions on his stock or money greatly hamper the company's marketability, if he decides to sell the company and if the company is marketable.
We note that the husband's motion to alter, amend, or vacate the judgment deals only with the issue of whether the award of periodic alimony is excessive; in the motion, the husband did not raise the issues regarding the award of alimony in gross that he raises on appeal. "It is well settled that the judgment below will not be reversed on grounds not raised and presented to the trial court and upon which the trial court did not have an opportunity to rule." Ingram v. Ingram, 602 So.2d 418 (Ala.Civ.App.1992); Tucker v. Nichols, 431 So.2d 1263 (Ala.1983). Furthermore, the husband's arguments are speculative. There is no evidence in the record to support the husband's contention that, if he decides to sell the company, and if the company is marketable, then the restrictions on his "Eggstra" stock would hamper the company's marketability. He also has offered no authority to show that there is anything improper about the way the trial court has structured the wife's alimony in gross payments. The trial court did not abuse its discretion in the way it structured the wife's award of alimony in gross.
The husband contends that the amount the trial court awarded to the wife for an attorney fee is excessive at the least. Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). "Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney." Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ. App.1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986).
The trial court awarded the wife an attorney fee of $8,615, which, the court said, represented the value of the attorney's services rendered in this cause, as well as costs of copying. The husband initiated the divorce, and he is in a better financial condition than the wife. We cannot say that the trial court abused its discretion in awarding the wife an $8,615 attorney fee.
The husband also contends that the trial court erred in ordering the husband to pay the fees of the wife's expert witness. "The court cannot award [an] expert's fees as a matter of costs unless provided by statute." Cooper v. Cooper, 57 Ala.App. 674, 331 So.2d 689, 694-95, cert. denied, 331 So.2d 695 (Ala. 1976); Hartley v. Alabama National Bank of Montgomery, 247 Ala. 651, 25 So.2d 680 (1946). No Alabama statute provides for an award of an expert's fee in this case. We note that in Cooper, this court said that it seems that expenses such as the expert's fee should be taken into account in determining an attorney fee. However, because the attorney fee was determined separately from *1250 the expert fee, to go back and award the expert fee as part of the attorney fee would be contrary to the rule stated in Cooper and Hartley. Therefore, the trial court erred in ordering the husband to pay the fees of the wife's expert witness.
That portion of the judgment awarding the wife an expert's fee is reversed; otherwise, the judgment is affirmed. The cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurring specially.
THIGPEN, Judge, concurring specially.
Although the mother's petition for post-minority support for the children's college expenses was denied at this time, she may not be precluded from filing a petition to reconsider this issue at a later time. See Newman v. Newman, 667 So.2d 1362 (Ala. Civ.App.1994); see also my special concurrence in Stein v. Stein, 623 So.2d 318 (Ala. Civ.App.1993). Furthermore, I would affirm the trial court's use of the child support guidelines in this case simply because the mother has failed to present evidence rebutting the presumption that the result of the application of the guidelines "is the correct amount of child support to be awarded." Rule 32(A), Ala.R.Jud.Admin.