YATES, Judge.
Following an ore tenus proceeding, the trial court divorced the parties, awarded the mother custody of the parties’ minor daughter, divided the marital property, and ordered the father to pay child support, attorney fees, and the cost of the mother’s expert witness. The father appeals.
The father asserts that the court erred in granting custody to the mother. In an initial custody determination, the parties stand on equal footing, without a favorable presumption for either. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986). In determining which parent should have custody, the paramount consideration is the health, safety, and well-being of the child. Ex parte Hilley, 405 So.2d 708 (Ala.1981). An award of child custody is a matter within the discretion of the trial court. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983).
This court presumes that the trial court correctly applied its discretionary authority to adjudge the children’s best interests. Id. It is our duty to affirm the judgment if it is supported by credible evidence. Id.
The evidence would have sustained an award of custody to either party. The trial court was in a better position to determine which parent’s custody would serve the best interests of the child. We find no error as to the issue of custody.
The father next argues that the court erred in awarding the mother $5,000 in attorney fees. An award of attorney fees in a domestic relations case is within the discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Davis v. Davis, 686 So.2d 1245 (Ala.Civ.App.1996). Further, the trial court is presumed to have knowledge from which it may set a reasonable attorney fee. Id. We cannot say that the trial court abused its discretion in awarding the mother a $5,000 attorney fee.
Finally, the father asserts that the court erred in ordering him to pay the fees of the mother’s expert witness. The law clearly prevents the court from making such an award. Id. The court erred in ordering the father to pay the fees of the mother’s expert witness.
That portion of the judgment awarding the mother an expert’s fee is reversed; otherwise, the judgment is affirmed. The case is remanded for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.