This is a medical negligence case. The plaintiffs, Scott and Susan Colburn, filed suit in the Circuit Court of Montgomery County against the defendant, Dr. Barry Wilson, alleging that he committed acts of negligence during the course of his treatment of Mrs. Colburn in 1985 and 1986.
The Colburns appeal from a summary judgment entered in favor of Dr. Wilson. The issues before this Court are whether the Colburns stated a cause of action, and if so, whether the cause of action was time-barred by the statute of limitations.
During the summer of 1985, Susan Colburn became pregnant. In August of that year, she had her first appointment with Dr. Wilson. On August 27, 1985, Wilson performed a sonogram on Colburn in order to locate her baby's heartbeat.
On October 4, 1985, Mrs. Colburn made an unscheduled visit to Dr. Wilson's office because of unexplained bleeding. She was referred to Montgomery Radiology Associates, P.A. for another sonogram. That sonogram revealed that the bleeding was due to a "low placenta." It did not reveal any physical defects.
During Mrs. Colburn's regularly scheduled visit in November, Wilson's technician performed a sonogram. No photographic record of that sonogram was made, as there was no film in the equipment. Wilson was not present for the test and did not review any results of the test as there were none.
On February 3 or 4, 1986, Mrs. Colburn was again seen by Wilson for a routine examination. During that visit, another sonogram was made. There was evidence that the purpose of performing a sonogram during this visit was to take a souvenir picture of the baby for Mrs. Colburn and her husband. This test revealed the presence of certain physical defects. Following further tests at Montgomery Radiology, the baby was diagnosed as having hydrocephalus and possibly spina bifida.
At the Colburns' request, Dr. Wilson attempted to locate a facility that would perform an abortion. Because Mrs. Colburn was in her 31st week of pregnancy, Dr. Wilson was unable to arrange to have the pregnancy terminated.
Following the diagnosis and the unsuccessful attempts to arrange for a termination of the pregnancy, the Colburns made several visits to Birmingham for treatment and counseling. Mrs. Colburn's last visit to Dr. Wilson was on March 26, 1986, and Ryan Colburn was born on March 31, 1986.
In their suit, the Colburns contend that the November sonogram was performed negligently. They argue that that negligence prevented an early detection of the physical defects and deprived them of the opportunity to terminate the pregnancy by a legal abortion.
For the purpose of discussing whether this suit was time-barred by the applicable *Page 654 
statute of limitations, the Court will assume, without deciding, that the Colburns stated a legally cognizable cause of action.
The statute of limitations under the Alabama Medical Liability Act requires that all actions be brought "within two years after the act of or omission or failure giving rise to the claim." Ala. Code 1975, § 6-5-482.
The statutory limitations period does not begin to run until the cause of action accrues. Ramey v. Guyton, 394 So.2d 2 (Ala. 1980). A cause of action accrues when the act complained of results in injury to the plaintiff. Guthrie v. BioMedicalLaboratories, Inc., 442 So.2d 92 (Ala. 1983).
Under the facts of this case, we must conclude that the alleged wrongful act or omission occurred during November 1985. The Colburns discovered the child's physical defects on February 3 or 4, 1986. The baby was born on March 31, 1986. Suit was filed in March 1988.
If the date of the birth of the child is determinative of when the cause of action arose, the suit is not time barred. If it is at some relevant point prior to that, it is.
At the latest, the cause of action accrued on February 3 or 4, 1986, when the Colburns discovered that their baby would be born with birth defects. It is at that point that they would have been injured and would have begun to suffer damage.
We will not discuss whether the Colburns in fact stated a cause of action. We have merely assumed that there was a cause of action for purposes of discussing the statute of limitations. Because any claim presented by the Colburns would be time-barred, any discussion of the merits of the claim is inappropriate.
We affirm the summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.