Jesse K. Grabert was diagnosed by his personal physician as having a hernia in the left groin area and was referred to Dr. Robert Lightfoot for surgery. On May 1, 1987, Dr. Lightfoot operated on Grabert but failed to locate the hernia. On June 8, 1987, after Grabert continued to have symptoms, Dr. Lightfoot informed Grabert that he did indeed have a hernia and offered to perform another operation at no charge. Grabert declined and had Dr. Rudolph Bourgeois perform the operation. During that operation on June 26, 1987, Dr. Bourgeois located the hernia. This operation left Grabert impotent; it also left him unable to perform the type of work he had previously done. Grabert filed suit against Dr. Lightfoot on May 12, 1989; Dr. Lightfoot moved for summary judgment, alleging that the two-year statute of limitations in Ala. Code 1975, § 6-5-482 had expired prior to the filing of the lawsuit. The trial court granted Dr. Lightfoot's motion. Grabert appealed from the summary judgment. *Page 294 
The two issues are: (1) when did Grabert's cause of action accrue, on May 1, 1987, when Dr. Lightfoot is alleged to have negligently performed the operation, or on June 26, 1987, when Grabert was further damaged during the second operation, and (2) if the statutory period of limitations had run, then is Dr. Lightfoot estopped from raising that defense?
As this Court stated recently in Colburn v. Wilson,570 So.2d 652, 654 (Ala. 1990):
 "The statute of limitations under the Alabama Medical Liability Act requires that all actions be brought 'within two years after the act or omission or failure giving rise to the claim.' Ala. Code 1975, § 6-5-482.
 "The statutory limitations period does not begin to run until the cause of action accrues. Ramey v. Guyton, 394 So.2d 2 (Ala. 1980). A cause of action accrues when the act complained of results in injury to the plaintiff. Guthrie v. BioMedical Laboratories, Inc., 442 So.2d 92 (Ala. 1983)."
Grabert contends that the statutory limitations period did not begin to run until the date of the second operation on June 26, 1987. However, it is clear that any negligence that may have been committed by Dr. Lightfoot occurred on May 1, 1987, when the first operation was performed. Further, it is clear that Grabert was damaged at the time of the first operation on May 1, 1987; he had a hernia and Dr. Lightfoot failed to find or to remedy that condition. As this Court stated inGarrett v. Raytheon Co., 368 So.2d 516, 518-19 (Ala. 1979):
 "The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action 'accrues.' The cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon."
In Street v. City of Anniston, 381 So.2d 26, 31 (Ala. 1980), this Court said:
 "Code 1975, § 6-5-482(a), is similarly titled 'a statute of limitations,' and commences the running of the statute from the time of the act or omission giving rise to the cause of action. It does not, however, act as a grant of immunity; our case law has established that, in malpractice actions, legal injury occurs at the time of the negligent act or omission, whether or not the injury is or could be discovered within the statutory period. Garrett v. Raytheon, [368 So.2d 516], Hudson v. Moore, 239 Ala. 130, 194 So. 147 (1940), Sellers v. Edwards, 289 Ala. 2, 265 So.2d 438 (1972)."
Certainly, Grabert was entitled to maintain an action against Dr. Lightfoot immediately after the May 1, 1987, operation, despite the fact that the extent of Grabert's injuries allegedly caused by Dr. Lightfoot's failure to find or to remedy the hernia may not have been fully known then.
Having determined that the statute of limitations period had run prior to Grabert's filing suit, we now turn to the issue of whether Dr. Lightfoot was estopped from raising the statute of limitations as a defense. Grabert contends that Dr. Lightfoot's offer to perform a second operation at no charge and Dr. Lightfoot's engaging in settlement negotiations with Grabert implied that Dr. Lightfoot would not raise the statute of limitations as a defense. We have stated, "As a general matter, the type of conduct which is sufficient to give rise to an estoppel against pleading the statute of limitations must amount to an affirmative inducement to the claimant to delay bringing action." Seybold v. Magnolia Land Co., 376 So.2d 1083,1085 (Ala. 1979). A review of the record shows no "affirmative inducement" on Dr. Lightfoot's part to delay bringing this action; therefore, Dr. Lightfoot was entitled to raise the statute of limitations as a defense.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur. *Page 295