CRAWLEY, Judge,
dissenting.
I conclude that the Talleys did not file their lawsuit, alleging medical malpractice, within the statute of limitations provided by the AMLA, Ala.Code 1975, § 6-5-482(a). Therefore, I would affirm the trial court’s entry of summary judgment for the defendants, and I must respectfully dissent.
Mrs. Talley’s alleged unnecessary hysterectomy occurred on April 1, 1991. The Tal-leys filed their lawsuit on April 5, 1995. Section 6-5-482(a) clearly provides “that in no event may the action be commenced more than four years after [the occurrence of the alleged malpractice].” The Talleys filed their action more than four years after the date of the alleged malpractice.
In their brief, the Talleys argue that the “continuing treatment rule” should be applied to this case, which would extend the date of the alleged malpractice to October 1991, the date of Mrs. Talley’s last doctor’s visit. The majority correctly states that our supreme court has held that the “continuing treatment rule” is not applied to actions brought pursuant to the AMLA. Jones, supra. This court is bound by the precedents of our supreme court. Ala.Code 1975, § 12-3-16.
The majority nevertheless reverses the trial court’s entry of summary judgment for the defendants and holds that the alleged misrepresentations during each follow-up doctor’s visit constitutes a separate AMLA cause of action, which accrues at the date of the respective' doctor’s visit. Although the majority states that it is not applying the “continuing treatment rule” and states that it is merely distinguishing Jones, I cannot distinguish Jones from this case. Our supreme court has held:
“The limitations period of § 6-5-482 commences with the accrual of a cause of action. Street v. City of Anniston, 381 So.2d 26 (Ala.1980); Bowlin Horn v. Citizens Hosp., 425 So.2d 1065 (Ala.1983); Ramey v. Guyton, 394 So.2d 2 (Ala.1981). A cause of action ‘accrues’ under § 6-5-482 when the action complained of results in legal injury to the plaintiff. Grabert v. Lightfoot, 571 So.2d 293, 294 (Ala.1990); Colburn v. Wilson, 570 So.2d 652, 654 (Ala.1990). The statutory limitations period begins to run whether or not the full amount of damages is apparent at the time of the first legal injury. Garrett v. Raytheon Co., 368 So.2d 516, 518 (Ala.1979). When the wrongful act or omission and the resulting legal injury do not occur simultaneously, the cause of action accrues and the limitations period of § 6-5-482 commences when the legal injury occurs. Moon v. Harco Drugs, Inc., 435 So.2d 218, 219 (Ala.1983); Ramey v. Guyton, 394 So.2d 2, 4-5 (Ala.1981).”
The Talleys’ legal injury occurred on April 1, 1991, and the statutory period of limitations began to run from that date, and no cause of action would accrue on a later date just because of later doctor’s visits.
As I find the dispositive issue to be the statute of limitations in § 6-5r482(a), I do not address the issue of the sufficiency of the affidavits the Talleys presented in opposition to the summary judgment motion.
THIGPEN, J., concurs.