Clesty Bobo appeals from a summary judgment entered in favor of Thomas R. Bryant, M.D. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
Our review of the record reveals the following pertinent facts: In September 1992 Bobo fell and injured her right leg. She sought treatment from Dr. Bryant, her family doctor, who diagnosed Bobo as having a tibial plateau fracture to her right leg around the knee area. Approximately six months later, in March 1993, Bobo experienced a second fall, causing another injury to her right leg and knee area. Again, Bobo sought treatment from Dr. Bryant. Dr. Bryant's medical notes for March 16, 1993, state the following:
 "[Bobo] [f]ell yesterday and had an injury to her previously injured knee. Examination shows a fresh, clean abrasion over the right brow, an ecchymosis at the lateral aspect of the right orbit and a large hematoma over the proximal third of the lateral right leg. . . . Examination of the legs shows no knee tenderness or swelling. X-rays show no fracture."
Bobo returned to Dr. Bryant on March 25, 1993, at which time she declined an orthopedic referral. Bobo continued to seek treatment from Dr. Bryant through May 1993, at which time she decided to seek the opinion of an orthopedic surgeon. According to Dr. Bryant's medical notes, Bobo visited Dr. Dewey Jones, who treated Bobo from June 1993 through June 1994. After reviewing Bobo's X-rays, Dr. Jones indicated in his medical notes that he thought she had "a depressed lateral tibial plateau [fracture]." We would note that Dr. Jones's comment indicates an uncertainty regarding the diagnosis. Dr. Jones did not place a cast on Bobo's leg but, instead, referred her to the Lloyd Noland Hospital for therapy.
In May 1994 Bobo sought a second opinion from Dr. Joe Gerald, an orthopedic surgeon at the Lloyd Noland Hospital. Dr. Gerald noted in Bobo's history and physical sheet that Bobo's X-rays "show an old lateral tibial plateau fracture." In other words, it would appear that the X-rays portrayed the old fracture, instead of a new fracture.
On March 15, 1995, Bobo filed a complaint against Dr. Bryant under the Alabama Medical Liability Act of 1987, which is codified at Ala. Code 1975, §§ 6-5-540 through -552. In her complaint Bobo alleged that Dr. Bryant had breached the standard of care in failing to diagnose that her leg was broken or fractured. Bobo also claimed that Dr. Bryant's alleged negligence caused her to incur additional medical expenses; to experience pain and suffering; and to suffer permanent damage and disfigurement to her legs, including a loss of mobility, limping, and asymmetrical legs. On October 24, 1996, Dr. Bryant filed a motion for a summary judgment, which the trial court granted.
Bobo appeals.
The only issue on appeal is whether Bobo produced the substantial evidence required to substantiate her claim that Dr. Bryant had breached the applicable community standard of care.
At the outset we note that this court, in Hawkins v. Carroll,676 So.2d 338, 340 (Ala.Civ.App. 1996), stated the following well-settled law regarding the evidence that a plaintiff must proffer to defeat a properly supported summary judgment motion in a medical malpractice action:
 "A summary judgment is proper where there is no genuine issue of [a] material fact and the moving party is entitled to a judgment as a matter of law. Leonard v. Providence Hospital, 590 So.2d 906
(Ala. 1991); Rule 56, Ala. R. Civ. P. . . . When *Page 765 
the movant makes a prima facie showing that no genuine issue of [a] material fact exists, the burden shifts to the nonmovant to present 'substantial evidence' to support his position. Id. . . . In a medical malpractice case, such as here, Rule 56 must be read in conjunction with the 'substantial evidence' rule found at § 6-5-548(a) of the Alabama Medical Liability Act. [Pettigrew v. Harris, 631 So.2d 839 (Ala. 1993)]. Section 6-5-542(5) of the Act defines 'substantial evidence' as follows: 'Substantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.'
 "In order to recover in a medical malpractice case, a plaintiff must prove by expert testimony that the physician breached the standard of care and by the breach proximately caused the plaintiff's injury. University of Alabama Health Services Foundation v. Bush, 638 So.2d 794 (Ala. 1994). 'To establish a physician's negligence, the plaintiff ordinarily must proffer expert medical testimony as to what is or is not the proper practice, treatment, or procedure.' Complete Family Care v. Sprinkle, 638 So.2d 774, 777 (Ala. 1994). . . . The plaintiff's burden of proof regarding the applicable standard of care is found at § 6-5-548(a), which provides:
 " '(a) In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.'
 " 'This section has been read as requiring that the "community" standard of due care, see § 6-5-484(a), be established by expert medical testimony.' Leonard, supra, at 908. 'Community' has been interpreted to mean the national medical community. Sprinkle, supra."
Dr. Bryant offered his affidavit, a narrative summary of the undisputed material facts, and his brief in support of his summary judgment motion. Bobo filed a response, which included her deposition testimony. We would note, however, that she did not submit independent expert testimony to establish the applicable standard of care which, she says, Dr. Bryant breached. Instead, she relied on certain extracts of a medical textbook used by undergraduate medical students at the University of Alabama at Birmingham, entitled Textbook ofRadiology and Imaging, which, she says, suffices to establish the applicable standard of care.
In Holt v. Godsil, 447 So.2d 191, 192-93 (Ala. 1984), our supreme court identified the following four specific situations where medical expert testimony is not required to show a breach of the applicable standard of care:
 "1) where a foreign instrumentality is found in the plaintiff's body following surgery; 2) where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment; 3) where the plaintiff employs a recognized standard or authoritative medical text or treatise to prove what is or is not proper practice; and 4) where the plaintiff is himself or herself a medical expert qualified to evaluate the doctor's allegedly negligent conduct."
(Citations omitted.)
The extracts from the text upon which Bobo relied state the following:
 "The patient with a suspected skeletal injury must be investigated methodically. Two projections are the minimal radiographic requirement, since one may fail to demonstrate a fracture. [We note that Dr. Bryant took six X-ray projections of Bobo's right leg.] . . .
". . . .
 "Malunion, due to incomplete reduction, results in residual deformity. . . .
". . . .
 ". . . Although classically called the 'bumper' fracture . . ., the majority affect *Page 766 
middle-aged women following falls with rotational element.
". . . .
 "Fractures of the tibial plateau are obvious in general, but on occasion may not be evident as a fracture line."
(Emphasis in original.)
Clearly, these statements do not establish any kind of standard of care, because "[they fail] to address a community standard." Carroll, 676 So.2d at 341. We would further note that Bobo failed to have the extracts upon which she relied approved by an expert as authoritative and standard. It is well settled that "[e]xtracts from [a] treatise . . . 'are not admissible unless the treatise is first approved by an expert as authoritative and standard,' and is relevant to the issue for which it is presented. . . ." Johnson v. McMurray,461 So.2d 775, 779 (Ala. 1984) (quoting C. Gamble, McElroy'sAlabama Evidence, § 258.01(2), (3) (3d ed. 1977)). In the instant case, Bobo attempted to introduce an unsworn, handwritten, statement from an employee at the Lister Hill Library at the University of Alabama at Birmingham. The statement merely indicated that the employee was certifying certain pages from the text. Clearly, this will not suffice.
In any event, we note that Bobo failed to present any substantial evidence on the issue of proximate causation. In other words, Bobo did not offer any evidence showing that Dr. Bryant's failure to diagnose her fracture proximately caused her legs to become "crooked" or "unsymmetrical." "To prove causation in [her] medical malpractice case, [Bobo] must prove, through expert medical testimony, that the alleged negligence probably caused, rather than only possibly caused, [her] injury." University of Alabama Health Services v. Bush,638 So.2d 794, 802 (Ala. 1994). As noted previously, Bobo failed to produce expert medical testimony.
Because Bobo failed to present any substantial evidence to establish the standard of care applicable to Dr. Bryant, as well as any evidence to establish proximate causation, we find that the trial court did not err in granting Dr. Bryant's summary judgment motion.
Additionally, we would be remiss in failing to note that Bobo's brief, at best, minimally complies with Rule 28, Ala. R.App. P. Rule 28 is a rather clear and concise rule, and noncompliance with the rule can result in unfavorable consequences. In the instant case Bobo's sole argument is based on contentions which she has failed to substantiate with any relevant evidence. Although Bobo did cite numerous cases, we would note that the authority in those cases is merely general propositions of law.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.