BROWN, Justice.
The defendants in this medical-malpractice action, Dr. Todd Tobiassen and the Baldwin County Eastern Shore Health Care Authority d/b/a Thomas Hospital, petitioned separately, pursuant to Rule 5, Ala. RApp. P., for permission to appeal from the Baldwin Circuit Court’s denial of their motions for a judgment on the pleadings and for a summary judgment. We granted permission to appeal, and we now reverse .the trial court’s denial of Dr. To-biassen and Thomas Hospital’s motions and render a judgment for them.

Facts and Procedural History

On December 1, 2000, the plaintiff below, Craig R. Sawyer, sought treatment in the emergency room of Thomas Hospital. He complained of a headache, numbness on the right side of his body, impaired balance, and sinus pressure. Dr. Tobias- *259 sen evaluated Sawyer and ordered an MRI examination of Sawyer’s brain. Additionally, Sawyer underwent a “spinal tap”-^or lumbar puncture — in which a sample of cerebrospinal fluid was obtained and analyzed. According to Dr. Tobiassen’s emergency-room notes, which are included in the record, Sawyer was prescribed certain medication and was instructed to have a follow-up visit with a neurologist, Dr. Stabler. Sawyer was released from the emergency room later that day.[1]
The next day, December 2, 2000, Sawyer returned to Thomas Hospital with similar symptoms; he was admitted to the hospital at that time. On December 5, 2000, while he was still a patient at Thomas Hospital, Sawyer was told that he had suffered a stroke.
On December 5, 2002, Sawyer sued Dr. Tobiassen and Thomas Hospital alleging negligence and medical malpractice under the Alabama Medical Liability Act, Ala. Code 1975, § 6-5-480 et seq. Sawyer’s negligence count stated, in pertinent part:
“2. On December 1, 2000, [Sawyer] was treated at Thomas Hospital by Dr. To-baissen [sic] for the following symptoms: severe headache, impaired balance, numbness to only one side of the body, and tingling on only one side of the body. [Sawyer] informed the triage nurse in the emergency room that he felt he was having a stroke based on his symptoms.
“3. [Sawyer’s] symptoms had been caused by a stroke.
“4. [Sawyer] was treated for spinal infection, ... which [Dr. Tobiassen] admitted was inconsistent with symptoms of [Sawyer]. [Sawyer] was discharged from the emergency room at Thomas Hospital without treatment or diagnosis for stroke.
“4[sic]. [Sawyer] suffered another stroke at home after discharge from Thomas Hospital emergency room. [Sawyer] was informed on Tuesday, December 5, 2000 that he had suffered from a stroke. “3[sic]. [Dr. Tobiassen’s] care for [Sawyer] was negligent in one or more of the following ways:
“(a) [Dr. Tobiassen and Thomas Hospital] negligently failed to properly diagnose [Sawyer’s] condition;
“(b) [Dr. Tobiassen and Thomas Hospital] did not have in place appropriate procedures and safeguards to prevent the failure to properly diagnose [Sawyer’s] condition;
“(c) [Dr. Tobiassen and Thomas Hospital] lack adequate training measures and supervision of their aids, nurses, and graduate nurses to insure that negligent diagnosis [was] not made; “(d) [Dr. Tobiassen and Thomas Hospital] failed to have adequate staffing and adequately trained staffing[.]
“4[sic], As a result of [Dr. Tobiassen and Thomas Hospital’s] negligence, [Sawyer] was caused to suffer the following injuries and damages: [Sawyer] was permanently injured; [Sawyer] suffered permanent disability in the form of loss' of motor skills in the right hand; permanent numbness in the right side, permanent impaired balance, permanent diminished ability to be productive in trained professional job skill as a law officer; [Sawyer] was permanently disabled; and [Sawyer] was caused to suffer mental anguish and will suffer mental anguish in the future.”
Sawyer’s medical-malpractice count “real-leg[ed]” the negligence count, and further alleged that Dr. Tobiassen and Thomas Hospital’s conduct constituted “a breach of the Alabama Medical Liability Act....”
*260 On March 19, 2003, Dr. Tobiassen filed a motion for a' judgment on the pleadings, arguing that Sawyer’s action was barred by the statute of limitations found in Ala. Code 1975, § 6-5-482(a). On March 24, 2003, Thomas Hospital filed a motion for a summary judgment alleging similar grounds. The trial court denied those motions on July 18, 2003. Both Dr. Tobias-sen and Thomas Hospital filed motions to reconsider. In an order dated September 25, 2003, the trial court denied the motions to reconsider but certified its order as an appealable interlocutory order under Rule 5, Ala. R.App. P. On October 8, 2003, Dr. Tobiassen and Thomas Hospital separately petitioned this Court for permission to appeal. This Court granted the petitions on October 30, 2003, and consolidated the appeals for purposes of writing one opinion.

Discussion

Dr. Tobiassen and Thomas Hospital argue that, under Ala.Code 1975, § 6-5^482, Sawyer’s action is time-barred. Section 6-5-482(a) provides, in pertinent part:
“All actions against ' physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not after-wards .... ”
This Code section “ ‘commences the running of the statute from the time of the act or omission giving rise to the cause of action.’ ” Grabert v. Lightfoot, 571 So.2d 293, 294 (Ala.l990)(quoting Street v. City of Anniston, 381 So.2d 26, 31 (Ala.1980)).
In Grabert v. Lightfoot, the plaintiff, Grabert, was diagnosed as having a hernia in his groin area and was referred to Dr. Robert Lightfoot for surgery. Dr. Light-foot operated on Grabert on May 1, 1987, but he was unable to locate the hernia. Grabert continued to have symptoms. On June 8, 1987, Dr. Lightfoot informed Gra-bert that he indeed had a hernia and offered to perform another surgery at no charge. Grabert declined, and on June 26, 1987, he had a second hernia operation performed by a different doctor. This surgery left Grabert disabled. 571 So.2d at 293. Grabert sued Dr. Lightfoot on May 12, 1989. Dr. Lightfoot moved for a summary judgment, arguing that the two-year limitations. period in. § 6-5-482 had expired before Grabert filed his lawsuit. The trial court granted the motion, and Grabert appealed.
This Court stated the issue on appeal as follows: “[Wjhen did Grabert’s cause of action accrue, on May 1, 1987, when Dr. Lightfoot is alleged to have negligently performed the operation, or on June 26, 1987, when Grabert was further damaged during the second operation[?]” 571 So.2d at 294. We stated:
“ ‘The statute of limitations under the Alabama Medical Liability Act requires that all actions be brought “within two years after- the act or omission or failure giving rise to the claim.” Ala.Code 1975, § 6-5-482.
“ ‘The statutory limitations period does not begin to run until the cause of action accrues. Ramey v. Guyton, 394 So.2d 2 (Ala.1980). A cause of action accrues when the act complained of results in injury to the plaintiff. Guthrie v. Bio-Medical Laboratories, Inc., 442 So.2d 92 (Ala. 1983).’
“Grabert contends that the statutory limitations period did not begin to run until the date of the second operation on June 26, 1987. However, it is clear that any negligence that may have been committed by Dr. Lightfoot occurred on May 1, 1987, when the first operation *261 was performed. Further, it is clear that Grabert was damaged at the time of the first operation on May 1, 1987; he had a hernia and Dr. Lightfoot failed to find or to remedy that condition.”
Grabert, 571 So.2d at 294 (quoting Colburn v. Wilson, 570 So.2d 652, 654 (Ala.1990)).
Sawyer’s complaint alleges that on December 1, 2000, he was suffering a stroke, that Dr. Tobiassen and Thomas Hospital were negligent in failing to diagnose the stroke, and that Sawyer was injured as a result. Thus, from the face of the complaint, Sawyer is alleging that the wrongful acts and omissions in this case occurred on December 1, 2000.
On appeal, however, Sawyer argues that his cause of action did not accrue on December 1, 2000, because, he says, he suffered no legal injury on that date. Specifically, Sawyer asserts in his brief that while Dr. Tobiassen’s and Thomas Hospital’s negligent acts or omissions “began” on December 1, 2000, his stroke did not actually occur until December 5, 2000. Then, he contends, a legal injury resulted and his cause of action accrued.
Sawyer’s argument on appeal, however, directly contradicts his complaint. The complaint does not limit the alleged injury in this case to a stroke that occurred on December 5; indeed, it does not even allege any such injury occurred. Instead, Sawyer’s complaint alleges that Dr. To-biassen and Thomas Hospital were negligent on December 1, 2000, because they failed to discover that Sawyer had suffered a stroke and because they sent him home without diagnosing or treating the stroke.[2]
“[W]hen it appears from the face of the complaint that the plaintiffs claim is time-barred, the defendant is entitled to a dismissal based upon the defense of the statute of limitations, without the necessity of offering any proof.” Payton v. Monsanto Co., 801 So.2d 829, 834 (Ala.2001). Accepting as true the facts as alleged by Sawyer in his complaint, the cause of action in this case accrued on December 1, 2000, when Dr. Tobiassen and Thomas Hospital allegedly failed to diagnose a stroke. Sawyer’s action was filed more than two years after December 1, 2000.[3] Therefore, Sawyer’s claims are barred by § 6-5-482(a), and Dr. Tobiassen and Thomas Hospital are entitled to judgment in their favor.
1030044 — REVERSED AND JUDGMENT RENDERED.
1030043 — REVERSED AND JUDGMENT RENDERED.
NABERS, C.J., and HOUSTON, SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.

. Dr. Tobiassen did not treat Sawyer after December 1, 2000.

. In addition, Thomas Hospital included with its motion to reconsider an affidavit by Sawyer, in which Sawyer states that he was released from the hospital on December 1, 2000, "with no treatment for the stroke.”

. The two-year statute of limitations expired on December 1, 2002, which was a Sunday; therefore, Sawyer had until Monday, December 2 to file his complaint. See Rule 6, Ala. R. Civ. P.