JOHNSTONE, Justice
(dissenting).
An identification of an issue that is not before us is important to a correct analysis of the issue that is before us. The defendant Dr. Tobiassen moved for judgment on the pleadings. The defendant Thomas Hospital moved for summary judgment. The ground of each motion was that the plaintiffs action was barred by the medical-malpractice statute of limitations, § 6-5-482(a), Ala.Code 1975, restricting the plaintiffs time to file suit to two years *262 (subject to an exception not applicable in this case) following the alleged act or omission by the defendants. Each defendant’s motion contended only that some damage proximately resulted from the alleged act or omission more than two years before the plaintiff filed suit.
Neither motion contended that no damage at all proximately1 resulted from the alleged act or omission or that no damage eventually resulted from the alleged act or omission at some time less than two years before the plaintiff filed suit. Because the defendants did not challenge the plaintiffs case on the ground of an absence of evidence of damage proximately resulting from the alleged act or omission and did not thereby shift the burden to the plaintiff to produce such evidence, no absence of such evidence in the materials before the trial court when it considered these motions supplied an alternative ground for judgments in favor of the defendants and against, the plaintiff. Tanner v. State Farm Pire & Cas. Co., 874 So.2d 1058, 1067 n. 3 (Ala.2003); Liberty Nat’l Life Ins. Co. v. University Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala. 2003); Hollis v. City of Brighton, 885 So.2d 135, 140-41 (Ala.2004); McKenzie v. Killian, 887 So.2d 861, 863 (Ala.2004); and Ex parte McCord-Baugh, 894 So.2d 679, 683 (Ala.2004). Neither defendant argued any such alternative ground, and the trial court did not consider any such alternative ground. With this caveat, this dissent will proceed to the issue that is before us.
The statute of limitations is an affirmative defense. Rule 8(c), Ala. R. Civ. P.; Payton v. Monsanto Co., 801 So.2d 829, 833-34 (Ala.2001). “When the action is not time-barred on the face of the complaint, the defendant seeking a judgment of dismissal based on the affirmative defense of limitations has the burden of proof.” Pay-ton, 801 So.2d at 834. As the main opinion acknowledges, the plaintiffs two-year period to file suit did not begin until some damage proximately resulted from the alleged act or omission. Grabert v. Lightfoot, 571 So.2d 293, 294 (Ala.1990).
Damage not proximately resulting from the alleged act or omission would not be recoverable. Bobo v. Bryant, 706 So.2d 763, 766 (Ala.Civ.App.1997) (a case analogous on this issue to the case now before us); Levesque v. Regional Med. Ctr. Bd., 612 So.2d 445, 448-49 (Ala.1993); Brooks v. Goldhammer, 608 So.2d 394 (Ala.1992). Therefore, such damage would not supply the damage element of a tort action and thus would not start the running of the statutory period for filing suit. Grabert, 571 So.2d at 294.
Proximate causation in a medical-malpractice action can be proved only by expert testimony. University of Alabama Health Servs. Found, v. Bush, 638 So.2d 794, 802 (Ala.1994). The record considered by the trial court in the case now before us contained no expert testimony proving proximate causation.
The plaintiff filed suit in the case now before us on December 5, 2002. Therefore, unless the complaint shows on its face, or the record before the trial judge established without genuine dispute, that at least some damage proximately resulted from the alleged act or omission before December 5, 2000, no judgment was or is due either defendant. Grabert, supra; Payton, supra; Hollis, 885 So.2d at 143-44; Wal-Mart Stores v. Hepp, 882 So.2d 329, 331 (Ala.2003); see Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003).
The plaintiffs complaint did not allege that any damage resulted proximately on the December 1, 2000 date of the alleged act or omission, or on December 2, December 3, or December 4, 2000, the only dates more than two years before the plaintiff filed suit on December 5, 2002. In the second paragraph numbered 4 in the complaint, the plaintiff did allege abundant *263 damage without any dates. For aught that appears in the complaint and the record considered by the trial court, this damage did not accrue until December 5, 2000 or thereafter, less than two years before the plaintiff filed suit.
The defendants contend and the main opinion in effect holds that the complaint on its face shows or the record before the trial court established without genuine dispute that, before December 5, 2000, at least some damage proximately resulted to the plaintiff from Dr. Tobiassen’s failure to diagnose the plaintiffs stroke. However, the complaint does not show on its face and the record did not establish that, but for Dr. Tobiassen’s failure to diagnose the plaintiffs stroke, the plaintiff would have avoided some subsequent damage. Axiomatically, the damage suffered by the plaintiff before Dr. Tobiassen’s failure to diagnose did not result proximately from it. The complaint does not show, the record did not establish, the trial court could not assume, and this Court cannot assume that, but for Dr. Tobiassen’s failure to diagnose stroke, he or some other medical provider could have stabilized the plaintiffs condition, improved it, prevented another stroke, or prevented further damage before December 5, 2000.
To the extent that Grabert, supra, the crucial authority for the main opinion, is valid law at all, Grabert is distinguishable from the case before us in that the Grabert Court assumed (without revealing how it assumed) that, but for the defendant doctor’s failure to find the plaintiffs hernia, the doctor could have “remedied] that condition,” 571 So.2d at 294. The record for the defendants’ motions in the case now before us contains no evidence that the plaintiffs condition was remediable at the time of Dr. Tobiassen’s failure to diagnose stroke.
Therefore, in the case before us, the complaint does not show on its face and the record did not establish without dispute that, before December 5, 2000, any damage whatsoever proximately resulted to the plaintiff from Dr. Tobiassen’s failure to diagnose. See Sweeney v. Purvis, 665 So.2d 926, 932 (Ala.1995)(relying in part on the definition of proximate cause, including the element that “without [the negligence, the injury] would not have occurred”). Therefore, the two-year statute of limitations did not and does not bar the plaintiffs action.
The main opinion, in ultimate effect, holds that a physician’s negligent failure to diagnose a stroke necessarily, as a matter of law, entails proximately caused damage and thereby constitutes a complete cause of action for medical malpractice, which will start the running of the plaintiffs time to file suit. But suppose the shoe were on the other foot.
Suppose the medical facts were all the same. Suppose, though, the plaintiff had filed suit within two years after the defendants’ act or omission. Suppose the defendants challenged, not the timeliness of the civil action, but the sufficiency of the evidence of proximately caused damage, and the plaintiff submitted sufficient evidence that the defendants had negligently failed to diagnose the plaintiffs stroke. With no more proof of proximately caused damage than the main opinion reveals, would this Court hold that the plaintiff had sufficiently proved proximately caused damage and thus had proved a complete prima facie case of medical malpractice?
Suppose such a case comes to this Court in the future. Will this Court steadfastly follow today’s decision and recognize a pri-ma facie case of medical malpractice proved by the plaintiff?
I could predict. See Bobo, 706 So.2d at 766:
“In any event, we note that Bobo failed to present any substantial evi *264 dence on the issue of proximate causation. In other words, Bobo did not offer any evidence showing that Dr. Bryant’s failure to diagnose her fracture proximately caused her legs to become ‘crooked’ or ‘unsymmetrical.’ ‘To prove causation in [her] medical malpractice case, [Bobo] must prove, through expert medical testimony, that the alleged negligence probably caused, rather than only possibly caused, [her] injury.’ University of Alabama Health Services v. Bush, 638 So.2d 794, 802 (Ala.1994). As noted previously, Bobo failed to produce expert medical testimony.
“Because Bobo failed to present any substantial evidence to establish the standard of care applicable to Dr. Bryant, as well as any evidence to establish proximate causation, we find that the trial court did not err in granting Dr. Bryant’s summary judgment motion.”
(Alterations original; emphasis added.) But only time will tell. In the meanwhile, I must respectfully dissent.