MURDOCK, Justice
(concurring specially).
I concur with the main opinion, but in so doing I wish to make note of two matters. First,, consistent with the cases cited in both the trial court and in this Court, the parties have framed the dispositive issue as being when George E. Cutler’s cause of action accrued. Our review is limited accordingly. Compare Crosslin v. Health Care Auth. of City of Huntsville, 5 So.3d 1193, 1196 n. 1 (Ala.2008)
Second, I note that the main opinion cites Grabert v. Lightfoot, 571 So.2d 293 (Ala.1990), and a number of other cases for the proposition that “in medical-malpractice actions the legal injury occurs at the time of the negligent act or omission, regardless of whether the injury is or could be discovered within the statutory period.” 215 So.3d at 1071. For the sake of clarity, I note that what was said of this proposition in Crosslin is still true:
“We note that the Grabert Court also quoted Street v. City of Anniston, 381 So.2d 26 (Ala.1980), for the proposition that ‘ “in malpractice actions, legal injury occurs at the time of the negligent act or omission, whether or not the injury is or could be discovered within the statutory period.” ’ Grabert, 571 So.2d at 294 (quoting Street, 381 So.2d at 31). In making this statement, the Court was focused on a different issue than the one before this Court in the present case. In contrast to the present case, the focus of this statement was the issue of discovery of an injury and, more specifically, whether a failure to discover an injury postpones the accrual of a cause of action based on the injury. (The six-month discovery provision in § 6-5-482(a) was not applicable in either Gra-bert or Street.) The quoted passage does not speak to the situation where there is a failure of the injury and the negligent act to occur simultaneously, but instead presupposes that the injury occurs immediately upon the taking place of the negligent act or omission. *1074 See Grabert (involving a negligently performed surgery and a resultant immediate physical injury to the plaintiff); Street, 381 So.2d at 31 (rejecting the plaintiffs effort to distinguish certain previous cases, and instead reconciling those cases with Street on the ground that they involved the occurrence of an injury ‘which resulted immediately upon the taking place of the negligent act omission’).”
Crosslin, 5 So.3d at 1197 n. 2.